## SUPREME COURT.

### In the Matter of ANDREW J. HACKLEY.

A *commitment* of a witness for contempt in refusing to answer a question, must show on its *face* that the court or body propounding the question was properly organized, and also that some action or matter was pending before such court or body in relation to which the witness was sworn, and that the court or body had jurisdiction of the subject matter.

Courts, are bound to take *judicial notice* of the various *courts* established by law, and of the *judges* presiding over them, but it is otherwise in the case of bodies not continuous in their nature, such as *grand juries, &c.*

*New York Special Term, April*, 1861.

PETITION to discharge prisoner on commitment for contempt.

BARNARD, Justice. A commitment of a person for refusing to answer a question, to be valid, must, among other things, show on its face that the court or body propounding the question was properly organized, and also that some action or matter was pending before that court or body in relation to which the person was sworn as a witness, and that the court or body had jurisdiction over the subject matter relative to which the question was propounded.

In these particulars the commitment in question is defective.

Though we are bound to take judicial notice of the various courts established by law, and of the judges presiding over them, yet it is different in the case of bodies not continuous in their nature, but summoned from time to time, who are to be summoned in a manner specifically provided, and after being summoned are to be organized and sworn before they can proceed with their duties. In the case of such bodies, judicial notice cannot be taken that all the prerequisites have been complied with. The commitment simply states that the grand jury came into court. It should have gone further, and set forth that the jury of the people of the state of New York, etc., had been duly empannelled and sworn, etc. For aught that appears on the commitment, the question, (though it may be a legal and proper one,) was propounded by a body called the grand jury, which, from defect of organization or some other cause, was not a grand jury, or a body authorized to propound the question. As before stated, the proper organization will not be presumed, but must affirmatively appear in the commitment, where the statute uses the words, "Any contempt specially and plainly charged in the commitment by some court, officer or body having authority to commit for the contempt so charged," the intention is to guard against the person being kept in custody under a commitment for an alleged contempt where there was no authority to commit for such contempt, or where no contempt is charged. The question then is whether or not the commitment does, on its face, charge that there was a contempt by the prisoner, or show that the prisoner is in custody on a charge of contempt, for which the court or body issuing the commitment must necessarily on a *habeas corpus* be open for a judicial examination and decision; were it otherwise, the statute would have read, "For any cause charged in the commitment by some court, officer or body as being a contempt."

If then these questions are to be passed on by the court on *habeas corpus*, it necessarily follows that there must be sufficient on the face of the commitment to enable the court to see that the commitment does charge a contempt, and that the contempt charged was one for which the committing court or body had authority to commit. The mere refusal to answer a question is not a contempt. The statutory provisions respecting contempts for a refusal to answer, are found in part 3, chapter 8, title 13; and part 3, chapter 3, title 2, article 1 of the Revised Statutes. Part 3, chapter 8, title 13, provides that " every court of record shall have power to punish . . . any neglect or violation of duty, or any misconduct by which the rights or remedies of a party in a cause or matter depending in such court may be defeated, impaired, impeded or prejudiced in the following cases : 1st. . . 2d. . . 3d. . . 4th and 5th, all persons summoned as witnesses for refusing or neglecting to obey such summons or to attend or be sworn or answer as such witness."

Thus the statute makes the contempt of a refusal to answer hinge upon the fact of there being depending in the court a cause or matter, the rights or remedies to the parties to which might be impaired by the misconduct of refusal. Unless such cause or matter be depending, there is no contempt in refusing to answer. These two things, then, are requisite to make up a contempt of the kind in question :

1st. That there should be a cause or matter in question, the rights or remedies of the parties to which might be impaired by the misconduct of a refusal to answer.

2d. A refusal to answer.

If either of these two be wanting there is no contempt— one of them alone is not sufficient—both must concur. Unless a commitment states both the charge is no contempt. The commitment in question omits to state the first, and is consequently for that reason defective. The provisions of part 3d, chapter 3, title 2, article 1, although not so expli-

cit as the other provisions, yet in substance are the same. Section 1st, among other things, gives to the courts of record, treated of in the 1st chapter of the act, power to issue subpœna, requiring the attendance of any witness being in any part of the state, to testify in any matter or cause pending in such court. Subdivision 5, of section 8, gives the court power to punish as for criminal contempts, the contumacious and unlawful refusal of any person to be sworn as a witness, and when so sworn, the like refusal to answer any legal and proper interrogatory.

These two sections are intimately connected; sub. 5, sec. 8, depends on sec. 1. Section 1 provides the power for bringing the witness before the court. Sub. 5 of sec. 8 provides the power to get his testimony after he is there. Unless he is brought before the court, it is clear no step can be taken under subdivision 5 of sec. 8. He cannot be brought unless there is a cause or matter pending, and consequently he cannot be proceeded against under sub. 5 of sec. 8, unless there is a cause or matter pending. It surely cannot be contended that the court, or a lawyer present before the court, is at liberty to call upon any man who happens to be in the court room, and swear him, not in any cause or matter pending, but merely generally, either to tell the truth, the whole truth and nothing but the truth, or true answers make to such questions as shall be put to him, and proceed to ply him with questions, and in the event of his refusing to answer commit him for contempt. The fact of there being some matter or cause pending is the very foundation of the right to commit. Without that foundation the court cannot proceed a single step toward committing for a contempt. As under the other provisions, so under these, two things are requisite to make out a contempt of the kind in question: First, that there should be a cause or action pending; second, a contumacious and unlawful refusal to answer a legal and proper interrogatory.

Both must be stated in the commitment. If the commit-

ment fails to state one it charges no contempt. The commitment in question omits to state the first, and is therefore defective. Viewing this also as a question of jurisdiction, the commitment is defective. A court has no power to commit for a refusal to answer, unless there is some cause or matter depending therein, the rights or remedies of parties to which might be impaired by the misconduct or refusal. A commitment must state sufficient facts to show affirmatively the jurisdiction and authority to commit. When a court of limited jurisdiction commits a person, the process should not only state that there was a cause or matter depending, but should also state its nature. It will not be presumed that the subject matter of the cause, &c., fell within its jurisdiction. It is a rule well established that all process, out of a court of limited jurisdiction (especially such process as is designed to abridge personal liberty,) must clearly show affirmatively that the court had jurisdiction. In my view the court of sessions, having cognizance of crimes only, is a court of limited jurisdiction, and that consequently the commitment in question is defective, in not showing the cause or matter depending to be of a criminal nature; for if the cause or matter were of a civil nature the proceedings were *coram non judice*, and the court had no authority to commit for the contempt charged. I am aware it has been held that the correctness of the decision, as to the pertinency of the question propounded, and of the privilege of the witness to refuse to answer, will not be inquired into on a *habeas corpus*. That is not the question here. Upon the facts that appeared before the court below the decision may be correct. These facts are not before me. The only question is whether the committing court has embodied in its process sufficient facts to sustain it. Those facts may all exist, yet if they are not in the committal it is void. Even were I disposed to inquire into the legality and propriety of the question, I could not do so, as nothing appears on the commitment

upon which I could form an opinion. The commitment simply states that the following question was asked and an answer refused: "What did you do with the forty thousand dollars which you received from Thos. Hope, on the 11th of February, for the purposes of the street-cleaning contract?"

Without knowing whether there was a criminal charge pending, and what it was, it will be impossible for me to say whether the question was legal and proper; unless, indeed, it is to be assumed that the grand jury is a species of inquisitorial body, with full, unlimited power to send for any and all persons in the community, and institute an inquiry into their business and social affairs, or the disposition of their property.

I am of opinion that it does not appear that the prisoner is in custody for any contempt, plainly and specially charged in the commitment by any court, officer or body having authority to commit for the contempt charged.

The petitioner is, therefore, entitled to his discharge.