The State v. Kelsoe.

---

THE STATE v. KELSOE, *Appellant.*

1. **Burglary and Larceny Committed Together.** Although the statute permits the offenses of burglary and larceny, when committed together, to be charged in one count, they nevertheless remain distinct offenses, and the jury is not bound to find the defendant guilty of one because he is guilty of the other.

2. **Identity of Names.** Identity of names with an *alias* added is sufficient to raise a presumption of identity of persons.

3.  **Witness**: IMPEACHING EVIDENCE.  When the defendant in a criminal case has been examined as a witness in his own behalf, it is competent for the State to introduce the record of his former conviction for another offense for the purpose of affecting his credibility.

*Appeal from St. Louis Court of Appeals.*

REVERSED.

Defendant was indicted under the name of Charles Kelsoe *alias* McCarty.

*Ansel B. Cook* for appellant.

*D. H. McIntyre*, Attorney General, for the State.

NORTON, J—Defendant was indicted in the St. Louis criminal court for the crime of burglary in the first degree and larceny.   Both these offenses were charged in the same count in the indictment.   Defendant was convicted of both crimes charged, and his punishment assessed at ten years' imprisonment for the burglary and two years for the larceny.

From the judgment of the St. Louis court of appeals affirming the judgment of the criminal court defendant appeals to this court, and the material error complained of is the action of the trial court in giving an instruction telling the jury that if they convicted defendant of either of the offenses charged they must convict him of both. While under our statute, which declares that, " if any person in committing a burglary also commits a larceny he may be prosecuted for both offenses in the same count or in separate counts of the indictment," the charge of burglary and larceny is authorized to be made in the same count, the offenses are nevertheless distinct offenses and have always been so treated by this court.  *State v. Alexander*, 56 Mo. 131 ; *State v. Turner*, 63 Mo. 436.   When both offenses are charged in the same count, it does not

follow that defendant, if found guilty of one of the offenses, is, therefore, necessarily guilty of the other, for he may be convicted of one and acquitted of the other. In the case of the *State v. Alexander, supra*, defendant was convicted of larceny and also of burglary in the second degree. The judgment of conviction for burglary was reversed and that for the larceny affirmed. The offenses being distinct, it was for the jury to determine under the evidence whether defendant was guilty of both charged or only one. In this respect the province of the jury was invaded by the instruction above noted, and for this error the judgment will be reversed.

It is also insisted that the court erred in allowing the State to read in evidence the conviction of Charles Kelsoe, *alias* McCarty, of grand larceny, inasmuch as no evidence was offered to show that defendant was the Charles Kelsoe referred to in the said record. The name with the *alias* under which defendant was indicted, was the same as that in the record of conviction, and identity of such a name is sufficient to raise a presumption of identity of person.

Defendant having been examined as a witness in his own behalf, it was competent for the State to introduce the record of conviction for the purpose of affecting his credibility. 2 Hale P. C. 278; 1 Greenleaf Ev., 2 vol., § 377; *Dickinson v. Dustin*, 21 Mich. 561; *People v. Reinhart*, 39 Cal. 449.

Judgment reversed and cause remanded, in which all concur.