## THE STATE v. GRIFFIE, *Appellant.*

### Division Two, November 21, 1893.

1. **Practice :** MOTIONS FOR NEW TRIAL AND IN ARREST: WAIVER.    A motion for a new trial is not waived by the filing of a motion in arrest before the former has been determined. '

2. **Criminal Practice :** EVIDENCE: IDEM SONANS.    On the trial of "Carney Griffie" for petit larceny, second offense, the record of a previous conviction of "Carney Griffin" for petit larceny is inadmissible in evidence, in the absence of an allegation, in the indictment, of the identity of the persons, and the difference in the names, as the names are not *idem sonans*.

3. ————: ————: JUSTICE'S JUDGMENT.    The exclusion of evidence that a justice of the peace interlined the date of rendition and affixed his official seal to a judgment for petit larceny after the prosecuting of the case on trial was begun, was harmless error, where the portion of the judgment lawfully entered at the proper time was sufficient to show a conviction of petit larceny.

4. ————: ————: ————.    The failure of a justice of the peace to date or sign a judgment does not render it void. (R. S. 1889, sec. 6299.)

*Appeal from Lewis Circuit Court.*—HON. B. E. TURNER, Judge.

REVERSED AND REMANDED.

*O. C. Clay* for appellant.

(1) The judgment of conviction is not supported by the evidence; the former conviction was not proved. *State v. Brown*, 115 Mo. 409; Greenleaf on Evidence, sec. 375.    (2) It was error not to permit defendant to

prove the addition made to his judgment by justice Helms. *Smith v. Chapman*, 71 Mo. 218; *Norton v. Porter*, 63 Mo. 346. (3) The court erred in giving instructions 1 and 2 for the state; no felony was proved.

*R. F. Walker*, Attorney General, and *Morton Jourdan*, Assistant, for the state.

It appears from the record that appellant's motion for a new trial and motion in arrest were filed and determined at the same time. The office of the motion for a new trial is to direct the attention of the trial court alone to the errors said to have been committed during the progress of the trial, in consequence of which the verdict is wrong and should not be allowed to stand. The motion in arrest presupposes the verdict is right, but that the judgment should not be entered thereon because of some error or omission in the record. This being true, the filing of the motion in arrest by appellant prior to the determination of the motion for a new trial operates as a waiver of any error contained or suggested in the motion for a new trial. *McComas v. State*, 11 Mo. 117; *Klotz v. Ross*, *ante*, p. 23, dissenting opinion of SHERWOOD, J.

GANTT, P. J.—The defendant was indicted at a special term of the circuit court of Lewis county held on twenty-first of June, 1893, and convicted and sentenced to the penitentiary on the following indictment:

"The grand jurors for the state of Missouri, impaneled, sworn and charged to inquire within and for the body of the county of Lewis, in the state of Missouri, upon their oath present and charge that one Carney Griffie, on the second day of January, 1893,

was charged and convicted of petit larceny before one Walter C. Helms, a justice of the peace of Dickerson township in Lewis county, Missouri, and sentenced to pay a fine of $5 and costs; that said Carnie Griffie complied with said sentence and was discharged, and that thereafter, to-wit, said Carnie Griffie did then and there feloniously steal, take and carry away one pair of shoes of the value of $1.25 of the goods and chattels of one Benjamin Wilson, against the peace and dignity of the state.

"E. A. DOWELL,

"Prosecuting Attorney."

He filed his motions for new trial and in arrest in due time; both were overruled, and he appeals to this court.

The following statement of the facts is essential to a proper understanding of the errors assigned by the defendant in his motions for new trial and in arrest. The state introduced testimony as follows:

Walter C. Helms: "I am one of the justices of the peace, within, and for Dickerson township, Lewis county, Missouri, and have been four or five years past. Defendant was tried before me on January 2, 1893, the record of which will be found on page 222 of my docket. This is my docket in which the record was made. It will be found on page 222." On cross-examination this witness testified: "I suppose this record was made on my docket the day of trial.

"Q. Are you sure this record as it now appears in this docket was written, dated and signed by you on the day of trial? A. Yes, sir, the very day of the trial.

"Q. Was not the mark known as the caret, written below and after word 'now' in the first line of this record and the words 'on this 2nd day of January, 1893,' in your handwriting, made, written and inter-

lined in this record since the fourteenth day of June, 1893?　*A.* I don't think they were—I think they were written and made the day of the trial.

"*Q.* Did you not sign your name and title to-wit: 'W. C. Helms, J. P.' to this record since the fourteenth day of June, A. D. 1893.　*A.* I don't think I did.

"*Q.* Is it not a fact, 'Squire, that the interlineation and mark above mentioned, and your name and title, were made and written by you in the presence of the prosecuting attorney on this record since the defendant was arrested, and waived his examination in the present case, that is, the case he is now being tried for.　*A.* I think not."

The writing on page 222 of 'Squire Helms' docket was then introduced in words and figures as follows:

"And now on this 2d day of January, 1893, at this day comes E. A. Dowell, prosecuting attorney, and files information against Carney Griffin, charging him with having stole one chicken from Miss Patrie Wallace of the value of fifty cents. Whereupon I issued a warrant against said Carnie Griffin directed to T. W. Wright, constable of Dickerson township, Lewis county, Missouri, commanding him to apprehend and bring said Griffin before me to answer said charge. And now at this day comes said T. W. Wright with said Carney Griffin and the said Carney Griffin being made acquainted with the charge against him entered a plea of guilty, and was by me fined $5 and costs, and it was further adjudged by me that he stand committed until said fine and costs were paid or until otherwise discharged according to law.

"W. C. HELMS, J. P."

To the introduction of which the defendant at the time objected, because incompetent, illegal and insuffi-

cicnt, which objection the court overruled, and defend-. ant excepted.

Jackson Jones: "I am the sheriff of Lewis county, Missouri, and have been since general election, 1892; have had charge of all prisoners since January, 1893."

"Q. State whether defendant was committed to jail on. the charge of petit larceny, in the month of January, 1893, and whether he complied with the sentence? (The counsel for defendant objected to this as incompetent and not the best evidence. His objection was overruled and he duly excepted.) "A. He was committed in the month of January, 1893, served out his time and was discharged in the month of February, 1893."

"Q. Have you talked with him since in jail; if so, state the conversation? A. "Yes sir, since he has been in jail, within the last two weeks he told me he took the shoes; that they belonged to Ben Wilson; that he took them from Ben Wilson's premises in Lewis county, Missouri, during the first of June, 1893."

T. W. Wright testified: "I am constable of Dickerson township, Lewis county, Missouri; I arrested Carney Griffie. After arresting him he confessed to me that he stole a pair of shoes in this month, belonging to Ben Wilson. He said he got the shoes on Ben Wilson's premises. He showed me the shoes. He was wearing them when I arrested him. Ben Wilson's premises are in Lewis county, Missouri."

Ben Wilson: "I am the prosecuting witness. I had a pair of shoes stolen from my premises early in June, 1893, in this county. They were just like the shoes now worn by the defendant, they were worth one and twenty-five hundredths dollars."

The state then introduced in evidence the original information against Griffie upon which it is alleged

defendant was convicted before W. C. Helms, J. P., January 2, 1893.   Here the plaintiff rested.

The defendant by his counsel then offered the following evidence:

. *First.* That on June 14, 1893, after defendant had his preliminary examination herein, he employed O. C. Clay, Esq., as his counsel; that on said fourteenth day of June, 1893, said counsel superintended and assisted in copying the alleged record of former conviction as found on page 222 of W. C. Helms' docket, introduced in evidence herein; that on said fourteenth day of June, 1893, when thus copied, the record was not signed by W. C. Helms, J. P., as when introduced; that it was not signed at all; that the words to-wit: "On this 2d day of January, 1893," and the mark and the character known as the caret interlined and written after the word "now" and before the word "at" in the first line of said record, were not written or made there so that said writing as it then read, and was written on said June 14, 1893, was in words and figures as follows, to-wit:

"State of Missouri,  ⎫
        *v.*          ⎬
"Carney Griffin.      ⎭

"And now at this day comes E. A. Dowell, Prosecuting Attorney, and files information against Carney Griffin charging him with having stole one chicken from Miss Patrie Wallace of the value of fifty cents.   Whereupon I issued a warrant against said Carney Griffin directed to T. W. Wright, constable of Dickerson township, Lewis county, Missouri, commanding him to apprehend and bring said Griffin before me to answer said charge.   And now at this day comes said T. W. Wright with said Carney Griffin, and the said Carney Griffin being made acquainted with the charge against him, entered his plea of guilty and was

by me fined $5 and costs; it was further adjudged by me that he stand committed until said fine and costs were paid or until otherwise discharged according to law."

The defendant offered to further show, to-wit: That said writing, as written upon said record on said twenty-fourth day of June, A. D. 1893, was in the handwriting of the prosecuting attorney of Lewis county, Missouri; that said signature, "W. C. Helms, J. P.," and said caret and interlineation in words to-wit: "On this second day of January, 1893," was written by said justice W. C. Helms with the knowledge and consent of the prosecuting attorney of said Lewis county, Missouri.

All of which evidence the court declined to hear; to which action of the court the defendant duly excepted.

Thereupon, the defendant by his counsel moved the court to exclude from the jury as evidence in the case the writing purporting to be the judgment and record of a former conviction as found on page 222 of the justice's docket, as read and introduced by the state; which motion the court overruled and defendant excepted. This was all the evidence.

The court then instructed as follows:

"1. If the jury shall believe from the evidence in the cause that the defendant was, on the second day of January, 1893, charged and convicted of petit larceny before one W. C. Helms, a justice of the peace of Dickerson township, in Lewis county, Missouri, and sentenced to pay a fine of $5 and that he complied with said sentence by serving out a term of imprisonment in the jail of the county and was discharged, and that thereafter, on or about June 10, 1893, at the county of Lewis, in the state of Missouri, the defendant did then and there steal, take and carry away one pair of shoes of the goods and property of one Benjamin Wilson of

the value of about $1.25, then in such case it will be the duty of the jury to find the defendant guilty and assess his punishment at imprisonment in the penitentiary for a term of not less than two nor more than five years.

"2. In such case the verdict may be in the following form: We, the jury, find the defendant guilty as charged in the indictment and assess his punishment at—— years' imprisonment in the penitentiary."·

To the giving of which said instructions, 1 and 2 defendant at the time excepted.

The defendant asked, and the court refused to give, the following instruction, to-wit:

"1. The court instructs the jury, that under the evidence in this case the defendant cannot be properly and legally convicted of a felony as charged in the indictment and because of the insufficiency of the evidence, the jury are instructed to acquit the defendant of the felony."

On account of the court's refusal to give which the defendant at the time excepted. The court of its own motion instructed the jury as follows:

"1. Before the jury can find the defendant guilty as charged, the evidence must show his guilt to the exclusion of every reasonable doubt, and the burden of proving his guilt rests on the state. Defendant is presumed to be innocent.

"2. If the jury entertain from the evidence a reasonable doubt of the former conviction of petit larceny, or of the theft of the shoes from Wilson, they should acquit; but the doubt, to authorize an acquittal, must be reasonable and arise from the insufficiency of the evidence and not a mere possibility of innocence."

To the giving of which said instructions 1 and 2 the defendant at the time excepted.

I. Preliminary to an inquiry into the points made by defendant, we must determine whether he has waived

the grounds in his motion for new trial, by filing his motion in arrest, before the former was overruled. The attorney general insists he has.

In *McComas v. State*, 11 Mo. 116, a motion in arrest, was filed, and afterwards the motion for a new trial was filed and it was held, that the motion for new trial came too late; but in *Bank v. Bayliss*, 41 Mo. 274, it was held that where motions in arrest and for a new trial were both filed on the same day, this court will presume that the motion for new trial was first filed in order of time, the court saying: "By an entry in the record it would appear that the motion in arrest was filed first, and then the motion for a new trial afterwards, on the same day; and both motions were continued to the next term, and were finally disposed of together on the same day. It is true that the motion for a new trial comes first in the logical order of pleading, and when a motion in *arrest has been made and overruled* it will *then* be too late to file a motion for a new trial afterwards, for the motion in arrest presupposes and admits that the verdict was correct; and so it was held in *McComas v. State*, 11 Mo. 116; but where both motions are filed together and are disposed of in their logical order, as in this case, we see nothing substantial in the objection." This decision is the last one on this point, emanating from this court, so far as we can find, and it has been accepted and followed as authority by the subordinate courts of the state. *Carrington v. Hancock*, 23 Mo. App. 299. See, also, *Jewell v. Blanford*, 37 Ky. 473; *Pope v. Latham*, 1 Ark. 66.

It is very easy to see what injustice might follow by changing this rule that has remained unchanged for twenty-five years. The certainty of the law is its greatest security.

The record in this case upon examination shows

that the motion for new trial was made, heard and overruled, and then the motion in arrest was filed and overruled. The fact that both were filed and overruled on the same day does not necessarily show that the motion for new trial was still pending when the motion was filed, and the presumption we have seen is against irregularity; but, even if they were pending at the same time, this court will presume the motion for new trial was filed first and disposed of first. The presumption in this case is also in favor of liberty.

II. The first assignment is that the former conviction was not proven. The record of the alleged former conviction, purports to be the conviction of Carney "Griffin." There is no averment in the indictment that defendant in this case was by that name proceeded against, in that case, under the name of "Griffin," but that his real name is "Griffie."

The rule is well established in this state, that from identity of name, we may presume the identity of person, in the first instance, and cast the burden on the other party to rebut it. *State v. Kelsoe*, 76 Mo. 505; *State v. Moore*, 61 Mo. 276; *State v. McGuire*, 87 Mo. 642; *Flournoy v. Warden*, 17 Mo. 435; *Gitt v. Watson*, 18 Mo. 274. But the identity of names must either exist in fact, or be "*idem sonans*," which is said to exist in this state, "if the attentive ear finds difficulty in distinguishing them when pronounced; or common and long continued usage has by corruption or abbreviation made them identical in pronunciation." *Robson v. Thomas*, 55 Mo. 581; *State v. Havely*, 21 Mo. 498. It would prove utterly futile to attempt to reconcile the various cases on this subject. The 16 American and English Encyclopedia of Law, 122–126, contains a collection of cases which demonstrate how variant are the opinions of different courts.

Applying the rule in this case, however, we think

that *Griffin* is not *idem sonans* with *Griffie.* "Mathews"
and "Mather" were held not to be, in *Robson v.
Thomas, supra*; "Miller" and "Millen," not to be, in
*Chamberlain v. Blodgett*, 96 Mo. 482; "Siemson" and
"Simonson" not to be, in *Simonson v. Dolan*, 114 Mo.
176; "Griffin" and "Griffith" were held not to be in
*Henderson v. Cargill*, 31 Miss. 367. So, also, "Lynes"
and "Lyons," *Lynes v. State*, 5 Porter (Ala.) 240.
"McDevro" and "McDero," *McDevro v. State*, 23
Texas Appeals, 429. In *State v. Brown*, 115 Mo. 409,
we held that where a second conviction is made to
depend upon a prior one, nothing less than the judg-
ment of conviction plainly setting forth the former
offense and conviction would suffice.

We do not think the record of the conviction of
*Griffin*, in the absence of any allegation of the identity
of the persons in the indictment, was competent against
defendant (1 Greenleaf Evidence [14 Ed.], sec. 375),
and the objection to its competency was sufficient, as it
was wholly inadmissible. *State v. Brown, supra.* The
party convicted in the justice's court not being *idem
sonans* with defendant, that judgment was not *prima
facie* proof that he was the same party, and there being
no allegation in the indictment alleging his identity and
averring the difference in the name, the justice's judg-
ment was inadmissible as evidence against him. Inas-
much as the conviction for felony depended upon this
judgment. it follows that the conviction, for this reason
alone, must be reversed. Had there been competent
proof of the prior conviction, no error would have been
committed in showing by the sheriff that the defendant
was committed under that judgment and served his
sentence. This parol evidence was not permissible to
supply the want of a judgment, but merely to prove a
compliance therewith. It could not, however, dis-
pense with the prerequisite of a valid judgment of con-
viction.

The court erred in rejecting the evidence that tended to prove that after this prosecution was commenced, the justice of the peace amended his judgment so as to interline the date of its rendition, and affixed his name and official signature to it. *Sweet v. Maupin*, 65 Mo. 65. The justice had no right to change his judgment after it was written, and after the lapse of the time within which it was his duty to enter it upon his docket. Revised Statutes, 1889, sec. 4354.

These unauthorized changes, however, would not render void what he had lawfully done at the proper time, nor would his failure to date the judgment and sign it render it void. Revised Statutes, 1889, sec. 6299. But the courts should discountenance any tampering with the records of courts, upon which the rights of individuals are based. Had the judgment been otherwise admissible, we think, taken altogether, it showed a conviction of larceny, and this objection of defendant was not tenable. The judgment is reversed and the cause remanded. BURGESS and SHERWOOD, JJ., concur.