THOMSON v. PERKINS et al.

(Supreme Court, Appellate Division, First Department. April 21, 1899.)

1. WITNESSES—ATTORNEYS—PRIVILEGED COMMUNICATIONS.
Proof of the signature of a person, by one who was his attorney in the proceedings in which the instrument subscribed was used, cannot be excluded on the ground of privileged communication.

2. CHANGE OF VENUE—AFFIDAVITS—SUFFICIENCY.
An affidavit, in an application for a change of venue, which states that affiant is informed by his attorney that certain facts can be shown by certain witnesses, must disclose the source or nature of the attorney's knowledge.

3. SAME.
An affidavit, in an application for a change of venue, which states that certain witnesses will testify to certain statements, must disclose the materiality of such evidence.

4. SAME.
An affidavit stating that certain evidence is accessible in the venue laid, which is equally accessible in the venue to which it is sought to transfer the action, or that certain evidence is accessible in the venue laid which does not tend to establish any fact in controversy, does not state any valid objection to the change.

5. SAME.
An affidavit, in an application for a change of venue, which states that certain facts can be proven by certain witnesses, must show that affiant has information on which to base his affidavit.

6. SAME—PLACE OF TRIAL.
An action is properly triable in the county where all the proceedings concerning the matter in suit were had, and in which all the material witnesses reside.

Appeal from special term, New York county.

Action by Sarah K. Thomson against James H. Perkins and another. From an order denying a motion for a change of venue, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

Thomas H. Lee, for appellant.
T. S. Corey, for respondents.

VAN BRUNT, P. J.　The affidavits upon this motion show the usual attempt to present to the court a large number of witnesses who are claimed to be necessary and material upon one side of the case or the other, and who really can give little or no testimony which would be available to either side.　From the affidavits presented upon this appeal, it would appear that the only witnesses who are necessary and material, and can give substantial testimony, are Alonzo Wheeler and Irving Brown, by whom it is desired to prove the handwriting and signature of the special guardian to the various papers and documents in the infants' proceedings referred to in the papers; the said Wheeler and Brown being the attorneys who conducted such proceedings for the special guardian.　It is urged upon the part of the defendants that this evidence cannot be offered, because these witnesses were the attorneys of the special guardian, and any communications which he might have made to them were privileged communications. It is not claimed, however, that there is any intention to prove any privileged communications, but simply the fact of the signature of the special guardian to the various papers taken in Rockland county for the sale of the infants' real estate in the proceedings mentioned.

None of the witnesses sworn to upon the part of the defendants are shown, by proper evidence, to be material.　We have John King, Alexander Howell, John Howell, John Devlin, Herbert Kinney, H. D. Rickard, Adelaide Van Ness, Jennie Kohler, George W. Kohler, and John P. Cranford, one of the defendants, named as material and necessary witnesses for the defendants.　As to King, Howell, and Devlin, the affidavit alleges that they had extensive dealings with the father and guardian of the plaintiffs during the last years of his lifetime, and knew him intimately, and said Alexander and John Howell acted for several years as the confidential agent of said Kohler, and attended to certain confidential matters for him, and had in their possession moneys and securities belonging to him; and the affiant states that he is informed by his counsel that it can be shown by the testimony of these witnesses that said Kohler was for several years prior to his death, and after said plaintiffs became of age, possessed of sufficient assets, etc.　How the attorney came by this knowledge is nowhere explained.　He states nothing about it in the affidavits which he makes, and consequently the allegation goes for naught, as it establishes nothing.

It is alleged in the affidavit of the defendants that Adelaide Van Ness, Jennie Kohler, and George W. Kohler are brother and sisters of said guardian, and that said sisters will be subpoenaed to testify to certain statements material to the case made by plaintiffs to them, and by them repeated to deponent's counsel, in regard to the relations existing between said plaintiffs and their father and guardian before and after they became of age.　But there is no allegation whatever

contained in this affidavit from which the court can judge of the materiality of this evidence.

The affiant further states that he is informed by counsel that Herbert Kinney is at the head of the real-estate department of the New York Central Railroad Company, and has in his possession and control all original deeds of Rockland county real estate purchased by the West Shore Railroad Company, and that it is desired to have these produced by a subpœna duces tecum; and that Mr. Rickard is the treasurer of the New York, Ontario & Western Railroad Company, and that all original vouchers are in the official possession of said treasurer, including vouchers for money paid to said special guardian, and that it is desired to have these vouchers produced by a subpœna duces tecum. As far as the deeds are concerned, they are undoubtedly recorded in Rockland county, and these records are evidence. There is no contention that the consideration mentioned in these deeds is greater than that which the special guardian received; and the claim that it can be established by these witnesses that these moneys were not paid to the special guardian is not shown to have any foundation in fact, as it does not appear that the affiant has ever had any conversation with these witnesses, or that he has any information upon the subject.

Under these circumstances, all the proceedings in reference to the sale of these infants' real estate having taken place in Rockland county, it seems to us that there was the proper place for the trial of this action; the only witnesses which, upon these papers, are shown to be material, being residents of that county.

We are of opinion that the order should be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs, to abide the event. All concur.