[No. 11624. Department Two. June 10, 1914.]

THE STATE OF WASHINGTON, *Respondent*, v. PETER MILLER, *Appellant*.[1]

CRIMINAL LAW—APPEAL — REVIEW — DISCRETION — CONTINUANCE. The denial of a continuance in a criminal trial, asked because of insufficient time to prepare a defense and because of prejudice of the panel of jurors in attendance, will not be disturbed on appeal where abuse of discretion was not shown.

SAME—TRIAL—CONDUCT—SPECIAL COUNSEL. It is discretionary to allow special counsel to aid the prosecuting attorney in a criminal trial.

SAME—TRIAL—INDORSEMENT OF WITNESS. It is not error to allow the state to indorse upon the information the name of an additional witness, where no continuance was asked.

PERJURY—OATH—EVIDENCE. In a prosecution for perjury in giving testimony at a former trial, evidence of the clerk that there was no doubt that he administered the oath to the defendant on the former trial, and of the presiding judge that it was his best judgment that the usual oath was administered to him, is sufficient to go to the jury on the question whether his evidence was given under oath.

PERJURY—EVIDENCE—SUFFICIENCY—WITNESSES—REFRESHING MEMORY. In a prosecution for perjury in giving testimony, the testimony alleged to be false may be proved by the judge, who recalled it, and

[1]Reported in 141 Pac. 293.

by the stenographer, who testified that his notes were correct and was allowed to refresh his memory therefrom.

CRIMINAL LAW—EVIDENCE—IDENTITY OF ACCUSED—SUFFICIENCY. In a prosecution under the habitual criminal act, upon an issue as to the identity of accused and a person of the same name convicted and sentenced to the state penitentiary in New York, the evidence is sufficient where the Bertillon clerk of such prison testified that he was well acquainted with a person of the same name imprisoned in such prison at that time, and that he and the accused were one and the same person, taken in connection with photographs and handwriting; the rule being that identity of names raises a presumption of identity of persons, where there is a similarity of residence, trade, or circumstances.

WITNESSES—PRIVILEGED COMMUNICATIONS—ATTORNEY AND CLIENT. The fact that letters were written to an attorney does not show that the communications were privileged, where the relation of attorney and client did not exist.

WITNESSES—EXPERTS—OPINIONS—HANDWRITING. An attorney who is familiar with the handwriting of a person may testify that certain signatures were in such person's handwriting.

PERJURY—EVIDENCE—CORROBORATION—SUFFICIENCY. In a prosecution for perjury, the requirement that there must be direct testimony of at least one credible witness directly contradictory to the defendant's oath, in addition to which there must be corroboration by another such witness or circumstances established by independent evidence, the evidence of a witness contradicting defendant's oath, that he and a person convicted and sentenced for a prior offense are one and the same person, are sufficiently corroborated by the record of the judgment and sentence and prison records.

NEW TRIAL—SURPRISE—NEWLY DISCOVERED EVIDENCE. A new trial on the ground of surprise and newly discovered evidence in a criminal trial cannot be claimed where it appears that, on a prosecution three years previously, while represented by the same attorney, the alleged newly discovered evidence was produced and used by the defendant upon a similar issue, which he was informed by the information would be again used against him on the trial; since no reasonable diligence was used to produce the evidence at the trial.

Appeal from a judgment of the superior court for Pierce county, Chapman, J., entered May 21, 1913, upon a trial and conviction of perjury. Affirmed.

*Joseph M. Glasgow*, for appellant.

*John F. Murphy* and *Everett C. Ellis*, for respondent.

Morris, J.—Appeal from a judgment of guilt upon an information charging appellant with the crime of perjury. The information, in due form, charged that appellant, in a certain cause in which the inquiry was material, did, upon his oath, falsely testify that he had never been convicted of a felony except on one occasion at Seattle; whereas in truth he had been convicted of a felony in the county and state of New York on December 26, 1894, and in the county of Cook and state of Illinois, on February 23, 1907. Appellant presents thirty-seven assignments of error, under eight heads.

(1) The cause came on for trial on February 17, 1913, when appellant, through his counsel, moved for a continuance until some time in the following March. The grounds for the motion were principally that counsel for appellant had not had sufficient time to prepare a defense and that the panel of jurors then in attendance was prejudiced against appellant, because of his previous conviction during the same month on another charge. The motion was denied. There is nothing in the showing made upon this motion from which it appears that the lower court abused its discretion in denying the continuance, and no error is found.

(2) Appellant moved the court to exclude Everett C. Ellis, of counsel for the state, from participating in the trial. We find no error in the denial of this motion. The statement of facts recites that Mr. Ellis was a deputy prosecuting attorney for Pierce county. Whether he was or not, it is within the discretion of the trial court to allow special counsel to aid the prosecuting attorney in the trial of a criminal case. *State v. Hoshor*, 26 Wash. 643, 67 Pac. 386.

(3) On the day of the trial, the state was permitted to endorse the name of J. L. Barck upon the information as a witness for the state. This does not of itself constitute error. The most that appellant could get out of the act of the state would be a continuance, which was not asked for upon this ground. *State v. Le Pitre*, 54 Wash. 166, 103 Pac. 27.

(4) Under this assignment, appellant contends there was no competent evidence to show that an oath was properly administered, or that he was under oath when giving the testimony upon which the perjury charge was based. The clerk in attendance upon the former trial testified that, at that time, he was a duly qualified clerk of the court. We shall not attempt to set out all his testimony on this point. He sums it up by saying: "I should say there was no question in regard to it; that it was me that administered the oath." The judge who presided at the former trial was produced as a witness by the state, and gave it as his best judgment that the usual oath was administered to the appellant by the deputy clerk then in attendance upon his court. Without further reference, we find nothing to sustain this assignment. The evidence being competent upon the point to which it was directed, its sufficiency was for the jury.

(5) The next assignments go to the proof of appellant's testimony which was alleged to be false. This was established by the testimony of the presiding judge who recalled it. The stenographer who had taken notes of the testimony was also produced, and after testifying that his notes were correct, he was permitted to refresh his memory of appellant's testimony from his shorthand notes. This was permissible. *Kellogg v. Scheuerman*, 18 Wash. 293, 51 Pac. 344, 52 Pac. 237; *State .v. Freidrich*, 4 Wash. 204, 29 Pac. 1055, 30 Pac. 328, 31 Pac. 332.

(6) Under this assignment, appellant attacks the sufficiency of the proof of the former convictions, and alleges error in its reception in several particulars. To prove the New York conviction, the state introduced a certified copy of the record of the court of general sessions of the city and county of New York, showing on December 26, 1894, a conviction of Frederick Miller of the crime of burglary in the second degree, upon which he was sentenced to a term of ten years in the state's prison. Norman R. Burdick then testified that he was Bertillon clerk in Clinton state prison, Dannamora,

New York, and had been connected with such prison since 1896; that he well knew Frederick Miller from 1897 to 1900, during which time Miller was a convict in such prison; that the Frederick Miller he then knew and the appellant were the same person.    In connection with this testimony, the state introduced a photograph of Frederick Miller, taken from the records of Clinton state prison.    The signature of Frederick Miller as it appeared in a record of Clinton state prison was also identified as the handwriting of the appellant.    The state also introduced the signature of the appellant as it appeared to a plea of former jeopardy, and two signatures taken from letters written to T. D. Page.    These various signatures were testified to as written by the same person.

Two objections are made to this line of testimony.    First, that there is nothing to connect the Frederick Miller named in the record of conviction with the Frederick Miller in Clinton state prison.    The identity of the appellant with the person named in the record of the New York conviction and the person imprisoned in Clinton state prison was a question of fact for the jury.    In *State v. Lashus*, 79 Me. 504, 11 Atl. 180, it is said, in disposing of a like question: "The identity of names is some evidence of identity of person, more or less potent according to the connecting circumstances. " In *State v. Kelsoe,* 11 Mo. App. 91; *Id.,* 76 Mo. 505, in admitting the record as evidence of former conviction, it is said that the record of a conviction of one of the same name raises a presumption that it was the same person.    We held in *Ritchie v. Carpenter*, 2 Wash. 512, 28 Pac. 380, 26 Am. St. 877, that identity of name is *prima facie* evidence of identity of person.    This rule is well established.    *People v. Riley*, 75 Cal. 98, 16 Pac. 544; *State v. Griffie*, 118 Mo. 188, 23 S. W. 878; *Rupert v. Penner*, 35 Neb. 587, 53 N. W. 598, 17 L. R. A. 824, and notes; *State v. Smith*, 129 Iowa 709, 106 N. W. 187, 4 L. R. A. (N. S.) 539, and notes.    Lawson on Presumptive Evidence, p. 307, says that identity of name raises a presumption of identity of person, where there is a

similarity of residence, trade, or circumstance. Under such restriction, the rule would apply, for here there was a similarity of residence and circumstance in the confinement in a state prison within the term of the sentence. A second objection was to the testimony of T. D. Page, an attorney, who testified that he was familiar with the handwriting of appellant, and that two signatures of "Peter Miller" appearing on two slips of paper were in the handwriting of appellant. Counsel for appellant drew out the fact that these signatures were appended to two letters written to the witness by appellant. The objection was then made that the signatures were parts of a privileged communication. There is nothing to show that the relation of attorney and client existed between Page and appellant, or that the communication falls within the rule of privilege. Because a man happens to be an attorney, it does not follow that every letter he receives is a privileged communication. In any view of the situation, the testimony was competent. *Thompson v. Perkins,* 39 App. Div. 656, 57 N. Y. Supp. 810; *Gower v. Emery,* 18 Me. 79.

It is also said that Page was not shown to be competent to testify to Miller's handwriting. The witness testified to a familiarity with the handwriting of appellant, and that was all that was necessary to render his testimony admissible. *Poncin v. Furth,* 15 Wash. 201, 46 Pac. 241.

To prove the Illinois conviction, the state introduced certified records of the criminal court of Cook county, showing an indictment of H. Braun on October 21, 1907, for the crime of burglary, and the transfer of the cause, on January 7, 1907, to the municipal court of Chicago for trial, and conviction and sentence to the state penitentiary at Joliet for a term of years not exceeding the maximum term provided by law for the punishment of such crime. To this was added the testimony of W. W. Howe, who testified that he was connected with the police department of Chicago, and had been for twenty-four years; that he made the arrest of H. Braun in connection with the above indictment, was present at his trial

and conviction, and afterwards saw him while an inmate of the state penitentiary at Joliet. He also produced a photograph of H. Braun as a true likeness of him at the time he was so confined under such conviction and sentence, and then identified H. Braun and the appellant as one and the same person. The state also introduced a photograph of the appellant as he appeared at the time of his arrest at Seattle in July, 1909. It is now urged that the judgment appealed from cannot be sustained under the rule announced in *State v. Rutledge*, 37 Wash. 523, 79 Pac. 1123, that to sustain a conviction for perjury there must be direct testimony of at least one credible witness directly contradictory of the defendant's oath, in addition to which there must be either another such witness or corroborating circumstances established by independent evidence of such a character as clearly to turn the scale and overcome the oath of the defendant and the legal presumption of his innocence. The record as we have recited it contains sufficient corroborating proof of the New York and Illinois convictions, and meets this rule.

(7) This assignment goes to the sufficiency of the evidence in overruling a motion for a directed verdict. It has been disposed of by what has already been said.

(8) The last assignment is error in denying a new trial, based chiefly upon the ground of surprise and newly discovered evidence. In support of this motion, counsel for appellant presented to the lower court, at the hearing of the motion, a certified copy of the record in the case of People v. Braun, above referred to, reciting that, on November 5, 1907, the judgment against Braun was vacated by the municipal court of the city of Chicago upon the ground that such court had no jurisdiction to enter judgment of confinement in the state penitentiary, and the cause was re-transferred to the criminal court of Cook county, where the defendant was permitted to withdraw his plea of not guilty and enter a plea of guilty of petit larceny, upon which plea he was sentenced to ten months' imprisonment in the house of correction in

the city of Chicago. This assignment cannot be sustained upon the ground of surprise or newly discovered evidence. The record shows that, in January, 1910, another criminal action was pending against appellant in the superior court of Pierce county; that the same counsel who represents him in the defense of this action represented him in the defense of that action; that, in support of a motion for a new trial in that cause, counsel for appellant filed his own affidavit in which it appears, referring to a photograph published in the Tacoma Ledger purporting to be the photograph of H. Braun, taken at the state penitentiary at Joliet, in February, 1907, that in February, 1907, Braun, upon a charge of burglary, was convicted and sentenced to ten years in the state penitentiary at Joliet (the same conviction proved by the state in this cause); that he was subsequently released on a writ, and the conviction and sentence set aside on February 4, 1907, and that on November 9, 1907, Braun entered a plea of guilty of petit larceny, and was sentenced to ten months in the house of correction. These are the facts upon which he now relies as newly discovered evidence, and to sustain his surprise at the state proving the conviction. In the face of such a record, we cannot see how it can now be said that counsel for appellant was surprised. He was informed by the state in its information that it relied upon showing the Illinois conviction of appellant under the name of H. Braun in support of the charge of perjury, and counsel's affidavit made and filed three years prior to this trial shows that he was then informed of the facts upon which he now relies as establishing his plea of surprise and newly discovered evidence. With such facts before him, whether his client was or was not H. Braun, ordinary diligence would have put him in full possession of all the facts set forth as newly discovered evidence. Appellant fails to show, in view of these facts, that the evidence upon which he relies in support of his motion for a new trial could not, with reasonable diligence, have been discovered and produced at the trial; and

failing to so show, the court was justified in denying a new trial upon such grounds. *State v. Vance*, 29 Wash. 435, 70 Pac. 34.

All the several assignments of error made by the appellant have been duly considered. Not finding any error which demands a reversal of this judgment, it is affirmed.

FULLERTON, PARKER, and MOUNT, JJ., concur.