# SUPREME COURT — APPELLATE DIVISION — FIRST DEPARTMENT.

## May 29, 1919.

## THE PEOPLE v. ISADORE GOODHEIM.

(188 App. Div. 148)

(1.) PERJURY*—ALLEGED FALSE TESTIMONY BEFORE GRAND JURY—FAILURE TO PROVE ESSENTIAL ELEMENTS OF CRIME—AUTHORITY OF COURT TO REOPEN CASE AND ADMIT ESSENTIAL PROOF—INDICTMENT.

A defendant indicted for the crime of perjury in that he had testified falsely before a grand jury cannot be convicted in the absence of proof that the testimony alleged to have been false was material to the proceeding before the grand jury.

(2.) SAME.

It was necessary for the prosecution to prove that the grand jury before whom the testimony was given was competent to administer the oath and enter upon the investigation.

(3.) SAME.

Where the aforesaid matter was called to the attention of the court by a request to charge before the jury had retired the case could have been reopened and the proof supplied.

(4.) SAME.

The competency of the grand jury to administer the oath was not a technicality, for it is an element of the crime of perjury that the false testimony must have been given in a proceeding before one authorized to administer an oath.

(5.) SAME.

An essential element of a crime must be proved and cannot be presumed to exist.

(6.) SAME.

Although the indictment is not as specific as it might have been in its statement of the subject-matter of the investigation before the grand jury, defendant's demurrer thereto was properly overruled.

CLARKE, P. J., dissented, with opinion.

---

* See notes, Vol. 12, p. 256; Vol. 16, p. 491; Vol. 17, p. 408; Vol. 26, p. 273; Vol. 24, p. 104.

APPEAL by the defendant, Isadore Goodheim, from a judgment of the Court of General Sessions of the Peace in and for the County of New York, Part III, rendered against him on the 24th day of April, 1917, convicting him of the crime of perjury.

*Clark L. Jordan* of counsel (*Horton D. Wright* with him on the brief), for the appellant.

*Robert C. Taylor* of counsel (*Edward Swann, District Attorney*), for the respondent.

PAGE, J.:

The defendant was indicted and convicted of the crime of perjury in that he had testified falsely before a grand jury. It is not necessary to review the evidence, nor state the facts, for in our opinion the judgment cannot be sustained because of the failure of the People to prove certain facts that were essential elements of the crime charged.

Mr. Justice RUMSEY, writing for this court, has succinctly stated the elements of the crime of perjury: " It is apparent that to make one guilty of it, he must have taken an oath in a proceeding before one authorized to administer an oath; he must have given testimony which was material in that proceeding; he must have stated that matter to be true which he knew to be false, and that falsehood must be willful and to his knowledge." (Krauskopf v. Tallman, 38 App. Div. 273, 276.)

The most serious defect in the proof is the failure to show that the testimony alleged to have been false was material in the proceeding before the grand jury. In the first place it was not proved what the subject-matter of the grand jury's investigation was. The stenographer of the grand jury was called and asked: " Will you state what was the nature of the investigation ? " Answer, " The subject-matter of that investigation

was the fire that was alleged to have occurred in the Bachner-Hall factory in Gloversville." " Q. With reference to what, Mr. Fishbough? * * * The Witness: The subject-matter was, as I said before, the alleged fire that was said to have occurred in the Bachner-Hall factory in Gloversville. * * * Q. What, if anything, was the nature of the investigation? * * * A. Reference was made to certain claims made by the Bachner-Hall Company for the payment of insurance. * *. * By the Court: Q. You were not asked what reference was made to, you were asked what the matter was that was being investigated by the grand jury. Reference could be made to a great many different things? A. Well, that subject was mentioned. Q. They might have mentioned the subject of the weather? A. Testimony was given on that subject. By Mr. Weller: Q. On what subject? A. On the subject with reference to certain claims made by the Bachner-Hall Company on insurance companies here in New York City. Q. And witnesses were heard? A. Witnesses were heard on that subject and gave testimony."

This is all the testimony that was given tending to disclose the subject-matter under investigation by the grand jury. The learned counsel for the defendant made timely objections to these questions, that the questions called not for a statement of facts but the conclusion of the witness, that the witness was incompetent and that his testimony was not the best evidence. These objections would seem to have been well taken. The stenographer could have read from his notes anything that appeared therein tending to show what the subject-matter of the investigation was, and the testimony that had been given, which would show that the questions which were asked of the defendant were material. Or these facts might have been proved by the testimony of one of the members of the grand jury. (Code Crim. Pro., § 266.) Aside from these considerations, assuming the questions to have been competent, the answers were so vague and general that they failed to disclose what the subject-matter of

the investigation was or that the testimony of the defendant was material to any matter within its jurisdiction. "From time immemorial the common law has made the materiality of false testimony an essential ingredient of the crime of perjury. From their earliest beginnings our statutes have always embodied that rule. Our penal laws, but recently recodified, have continued it. That, in short, is the unquestioned law of this State." (People v. Teal, 196 N. Y. 372.) The fact that the district attorney failed to prove this essential element of the crime renders it necessary to reverse the judgment and grant a new trial.

We assume that upon the next trial the district attorney will prove that the grand jury before whom the testimony was given was competent to administer the oath and enter upon the investigation. (Matter of Hackley, 21 How. Pr. 103; Lambert v. People, 76 N. Y. 220, 235.) Upon his brief on this appeal the assistant district attorney stated that he " cannot deny that there was a defect of proof in that technical regard," but he claimed that by not raising the question until after the judge's charge the defendant had waived the objection. The matter was called to the attention of the court by a request to charge before the jury had retired. The court could have permitted the case to have been reopened and the proof supplied. (People v. Ferrone, 204 N. Y. 551, 552, 27 N. Y. Crim. 48.) This was not a technicality, for it is one element of the crime of perjury that the false testimony must have been given in a proceeding before one authorized to administer an oath. An essential element of a crime must be proved, and cannot be presumed to exist.

The indictment is not as specific as it might well have been in its statement of the subject-matter of the investigation before the grand jury. We are of opinion, however, that it was sufficient and that defendant's demurrer thereto was properly overruled. The indictment in People v. Gillette (126 App. Div. 665) alleged that the subject-matter under inquiry was

" whether officers or employees of any description of life insurance companies in this State have lately violated in the County of New York the criminal laws of the State." In the case under consideration the indictment states that the investigation was not whether any criminal law had been broken, but whether one specific statute had been violated. (See Penal Law, § 1620.)

The judgment should be reversed and a new trial granted.

LAUGHLIN, DOWLING and MERRILL, JJ., concurred; CLARKE, P. J., dissented.

CLARKE, P. J. (dissenting):

I am of the opinion that there was sufficient evidence to take to the jury the question submitted to it by the learned court: " Whether there was a proceeding pending before the grand jury, investigating whether a false claim had or had not been presented; *second,* whether the defendant was called as a witness and sworn; *thirdly,* whether he delivered that testimony, and *fourth,* if he did deliver it, whether it was false to his knowledge." The grand jury stenographer testified to the subject-matter of the investigation as follows: " Q. On what subject? A. On the subject with reference to certain claims made by the Bachner-Hall Company on insurance companies here in New York City. Q. And witnesses were heard? A. Witnesses were heard on that subject and gave testimony." He also testified: " The subject-matter of that investigation was the fire that was alleged to have occurred in the Bachner-Hall Factory in Gloversville. * * * Testimony was taken." And under cross-examination by defendant's counsel he was asked: " Q. Now, the investigation that you have described, as relating to a fire in the Bachner-Hall Company, where did you get the information that it related to the Bachner-Hall Company? A. From the testimony given at that time."

The defendant was indicted for perjury as a witness before the grand jury before which " was duly pending * * * a certain investigation and inquiry for the purposes, among other things, of ascertaining what persons, if any, in this County had been guilty of the Crime of Presenting and Causing to be Presented a False and Fraudulent Claim and Proof in Support of such Claim for the Payment of a Loss upon a Contract of Insurance, Knowing it to Be Such, triable in said County."

I am, therefore, unable to agree with Mr. Justice PAGE that this judgment should be reversed for defect in proof in this particular, and find no errors in the record sufficient to warrant a reversal of what I regard as a just conviction.

The judgment should be affirmed.

Judgment reversed and new trial ordered. Order to be settled on notice.