STATE, Respondent, v. REIDT, Appellant.

(229 N. W. 398.)

(File Nos. 6309-6609. Opinion filed February 28, 1930.)

C. E. Noel, of Highmore, and McNamee, O'Keeffe & Stephens, of Pierre, for Appellant.

Buell F. Jones, of Britton, for the State.

BROW.N, P. J.   This appeal from a conviction of perjury was before us on the question of the sufficiency of the information to charge a public offense.   The decision holding the information sufficient is found in 222 N. W. 677.   The case is now before us on other errors assigned by appellant and on the claim that the evidence is insufficient to justify the verdict.

Motion to quash the information was made on the ground "that the defendant did not have or waive a preliminary examination before the filing of the information as required by law."   The motion was made on the affidavit of Dwight Reidt, the criminal complaint signed by C. J. Farlee, the record of the justice of the peace proceedings, the stenographer's transcript of the proceedings and evidence introduced, and all of the records and files in the case. Neither affidavit, record of justice of the peace proceedings, stenographer's transcript, nor records and files in the case are contained in the record brought to this court, and we cannot say there was error in denying the motion to quash the information.

The testimony of the court stenographer as to what defendant testified to on the trial wherein the offense is alleged to

have been committed was properly admitted. While the statute makes a certified transcript of his shorthand notes prima facie evidence of the testimony given on a trial, this is not exclusive. People v. Goodheim, 188 App. Div. 148, 176 N. Y. S. 468; Brzezinski v. U. S., 198 F. 65, 117 C. C. A. 173; Downing v. State, 61 Tex. Cr. R. 519, 136 S. W. 471; State v. Miller, 80 Wash. 75, 141 P. 293.

■ The clerk of court testified that he administered the oath to defendant on that trial, stated the language of the oath taken, and that defendant thereupon took the witness stand and testified. This evidence was objected to on numerous grounds, but in the argument all of the grounds of objection are abandoned except that the testimony of the clerk was not the best evidence of these facts. It is contended that the minutes of the court which were in court at the time of the trial were the best evidence. We are not referred to any statute making the minutes of the court the best evidence of any of the facts to which the clerk testified. Those minutes are not required to state who administered the oath to witnesses, nor to contain the language of the oath taken, and if they usually contained the names of the witnesses who were sworn in a case, they are not necessarily the best evidence of that fact and do not exclude oral evidence of persons who were present and heard the oath administered to the witness and saw him take the witness stand. There was no error in the admission of the testimony of the clerk of court.

It is argued that the clerk was permitted to testify as to "the nature of the alleged pending action in which the alleged false statements were given," but this is not correct. The clerk gave no testimony as to the nature of the action in which the alleged false statements were said to have been made by defendant. The nature of the action was proved by the information against the defendants in the action, which was introduced in evidence.

■ After the information was given in evidence, the clerk of court produced the court journal, in which the minutes of the case had been kept by him, and was asked to "refresh his memory" therefrom and state what plea defendant made to the information. This was objected to "as assuming facts not in evidence and not the best evidence and no proper foundation has been laid." The objection was overruled, and the clerk answered that defendant's plea was, "Not guilty."

Code, § 4781, provides: "Every plea must be oral and must be entered upon the minutes of the court." Had the question been, "What is written in the minutes of the court?" the minutes would necessarily be the best evidence, but the question was, "What was the oral plea made by defendant?" and the clerk's entry in regard to this in the minutes of the court, although made in his official capacity, was but the unsworn statement of the clerk, as to what defendant's plea was. Whether this was better or superior evidence to his testimony given under oath in open court and subject to the test of cross-examination, we think it unnecessary to decide, for assuming that the entry in the journal, which the clerk produced at the time, was the best evidence, we are satisfied that defendant suffered no prejudice by the answer of the clerk. It is not contended that the clerk's statement of the plea was not exactly what was contained in the journal, and besides defendant, in the present case, testified in his own behalf and referred to his testimony on the trial of the case in which the perjury is alleged to have been committed, in a way that shows his defense in that case to be a plea of not guilty; and the testimony of Loretta Hughes, the court stenographer who took down the proceedings in that trial in shorthand, shows beyond any question that the testimony of appellant in the case was such as could have only been given upon an issue raised under a plea of not guilty. If therefore it was error to admit the oral testimony of the clerk as to what defendant's plea was, the error was without prejudice. Brittian v. Commonwealth, 200 Ky. 461, 255 S. W. 59.

Defendant alleges that the court erred in sustaining the state's objection to Defendant's Exhibit 1, which was the justice's transcript, filed with the clerk of the circuit court. He says that this transcript was the best evidence; that proper foundation was laid for its introduction, and the state's objection was not good. The transcript is not set out, nor does defendant state what it was offered for, nor does he refer to anything in it which would be in any way relevant to the issues on trial. Furthermore, the record before this court does not show that Exhibit 1 was ever offered in evidence. The offer as shown by the record was that defendant offered from Exhibit 1 "the following questions propounded to and answered by the witness Harold Farlee in the examination," but does not set out any questions or answers whatever. It is mani-

festly impossible for us to say that there was any error in the court's ruling on this point.

The information in the action in which it is alleged the perjury was committed, although introduced in evidence upon the trial, is not set out in the record; but in instruction No. 9 the court instructed the jury in substance that upon a trial for manufacturing intoxicating liquors, evidence would be material which tended to establish that the defendant either did or did not manufacture intoxicating liquors, and in instruction No. 10 informed the jury that it is no defense to a prosecution for perjury that defendant did not know the materiality of the false statement made by him or that it did not, in fact, affect the proceedings in which it was made; that it was sufficient that such statement was material and might have been used to affect such proceedings. Instruction No. 10 is in the language of Code, § 3750, and was properly given. Defendant argues that this instruction assumes that the alleged false statements made by him were material and that he sought to mitigate the effect of such false statements by saying that he did not know the materiality of them or that they affected the proceedings in which they were made, and that as defendant had not raised this question, the instruction of the court was highly prejudicial to his rights. The argument is without force. The reading to the jury of the statute quoted does no intimate or assume that false statements were made by defendant and that he was seeking to excuse them by a plea of ignorance of their materiality.

It is also claimed that in instruction No. 9 the court assumes that the statements alleged to have been made by defendant were material to the issues of the case in which they were alleged to have been given, and that therefore the instruction was erroneous. But the instruction clearly assumes nothing. It simply informs the jury that upon a trial for manufacturing intoxicating liquors, evidence is material which tends to establish that the defendant either did or did not engage in the manufacture of such liquor.

Lastly, it is contended that the evidence is insufficient to justify the verdict. It is said that there is no evidence to show what the nature of the proceeding was in which it was charged the defendant gave false testimony. The information which was introduced in evidence shows that defendant was accused of the crime of unlawfully manufacturing intoxicating liquors, and the evi-

dence as to what he testified to on the trial shows clearly that he was tried for the offense of unlawfully manufacturing intoxicating liquors.

Harold Farlee and C. J. Farlee, the principal witnesses who testified to facts tending to show the falsity of the testimony, alleged to have been given by defendant on the trial for the manufacture of intoxicating liquor, were both shown to have been to some extent connected with the industry themselves, and defendant contends that neither is a credible witness and therefore the conviction cannot be sustained, under the rule that to authorize a conviction for perjury there must be two credible witnesses or one credible witness and corroborating circumstances. But in addition to the testimony of these two, there is the testimony of Dorothy Farlee that some three or four weeks before defendants in the liquor charge were arrested, she saw them digging the cave in which the intoxicating liquor was found at the time of the arrest; that defendant's car was there; and that he, along with others, had digging implements and they were starting to dig the cave. There is also the testimony of the sheriff and two deputy sheriffs that at the time of the arrest they found the defendant and two others in the cave, where they also found the still, mash, jugs, and stove, with mash in the still and a fire under it, and other equipment for the manufacture of intoxicating liquor. The testimony of Loretta Hughes shows that defendant testified on the trial that he had not been engaged in the handling of intoxicating liquors in any manner or capacity; that he had never owned a still for manufacturing intoxicating liquor; that he happened to see the still in this case when Farlee hired him to haul some lumber there; that he had nothing to do with helping to dig the cave; that he had nothing to do with the equipment found in the cave or with the taking of any of it to the cave. In view of this testimony it cannot be said that the evidence was insufficient to justify the verdict of the jury.

The judgment and order denying a new trial are affirmed.

POLLEY, SHERWOOD, and BURCH, JJ., concur.

CAMPBELL, J. (concurring specially). I think several errors appear in the record herein, duly assigned and presented by appellant; but I think they are not prejudicial under all the facts and circumstances of this case, and I therefore concur in the view that the judgment should be affirmed.