Bosworth, J.
The making of the affidavit, the arrest of the plaintiff, and his subsequent discharge from arrest by a final order of the court, are admitted by the answer. The essence of the allegations in the complaint, relating to other matters, is, that this arrest was caused by the malicious act of the defendant, without any reasonable or probable cause. Whatever allegations a complaint may contain, to properly state this general fact, the answer may deny. An answer denying them and setting up no new matter is sufficient. It is surely a perfect answer, which simply and merely denies the allegations constituting the plaintiff’s cause of action. On such an issue, a plaintiff must give evidence tending to prove the want of probable cause. Until he has done this much, the defendant is not required to give any evidence. When a cause of action *685 has been proved, the defendant may answer it by any competent evidence adapted to weaken or overthrow it.
Every allegation of a complaint not denied, is not thereby admitted to be true, irrespective of its character. It is only the material allegations of a complaint that are admitted, by an omission to controvert them. (Code, § 168.)
Hew matter constituting a defence, is generally understood to be such as admits and avoids the action. It will be an answer to the action, though established as alleged. An answer which merely negates the essential allegations of a complaint, or states circumstances, which, if testified to by credible witnesses, would disprove them, is not one containing new matter within the meaning of those words, as used in § 149 of the Code.
It is not necessary, in order to dispose of any part of this motion, to hold, that a defendant may not allege facts, which,if true, would in judgment of law constitute probable cause. It may be, that all the material facts contained in the affidavit, and constituting a ground of arrest (if true), were untruly and therefore falsely stated, and yet there may have been, in judgment of law, probable cause for making the affidavits.
But the facts constituting probable cause, if proved, are, after all, only evidence that one indispensable allegation of the complaint is untrue, viz. that the affidavit was made without any reasonable or probable cause.
Are such facts “ new matter,” constituting a defence, or are they evidence that certain allegations of the complaint which must necessarily be proved, to establish a cause of action, are not true ? They are not new matter, in the sense that a release, or accord and satisfaction, or that the cause of action is barred by statute, is.new matter. All matters constituting, under the old system, a good special plea, might be true, and yet it might be true, that the cause of action stated had accrued. The theory of a special plea was, that it admitted the plaintiff’s cause of action.
It cannot be true, that the affidavit was made, and the arrest procured, without reasonable or probable cause, and at the same time be true, that on facts which can be stated and proved, there was reasonable and probable cause for making the one and procuring the other.
*686 But without deciding that such an answer cannot he made under the Code, it is enough to say, that no facts of that kind are alleged, which, in judgment of law, constitute probable cause.
The defendant may amend his answer in 20 days as he may be advised. If he wishes, in addition to denying the material allegations of the complaint, to state the particular facts which he expects to prove, and intends to rely upon, as sufficient in law to constitute probable cause, he can of course do so, subject to the right of the plaintiff to take such action with respect to that part of the answer as he may be advised.
If such an answer would be admissible, it clearly would not be proper to enumerate in it the minute facts or incidents expected to be proved, to establish the general fadts deemed sufficient to constitute probable cause. Evidence is not to be alleged. (Duer and Hoffman, J.J., concurred in the decision.)