## ROST *a.* HARRIS.

*New York Superior Court; Special Term, September,* 1861.

PLEADING.—ANSWER IN ACTION FOR MALICIOUS PROSECUTION.

Where, in an action for malicious prosecution and false imprisonment, the complaint alleged want of probable cause, and the answer in one paragraph denied this with other allegations, and as a subsequent defence alleged that the defendant had probable cause,—*Held,* that the latter should be stricken out on motion as redundant.

Motion to strike out part of an answer.

This action was brought against two defendants for malicious prosecution and false imprisonment.

The complaint alleged that one of the defendants was in the employ of the other, in business in the city of New York. It then set forth that they had made affidavits before a police-justice, charging that the plaintiff, with felonious intent, had made false representations, and that they obtained his arrest and imprisonment thereon; whereas, the complaint alleged, he had not made such representations, but the affidavits were entirely false, and made with intent to injure the plaintiff. It further alleged

that the plaintiff was honorably discharged by the grand-jury, and that the arrest was without probable cause.

The answer, in the first paragraph, admitted that the defendants were in business, one being employed by the other. In the second paragraph it denied every allegation in the complaint except that. In the third paragraph it stated, for a further answer, that the plaintiff did make the false representations charged by defendants in the affidavit, and obtained goods thereon from the defendant, and alleged that there was probable cause for the arrest.

This third paragraph the plaintiff now moved to have stricken out of the answer, for irrelevancy and redundancy.

*Rankin & Reavey*, for the motion, urged that under the general denial defendants' evidence could be admitted (Andrew *a.* Bond, 16 *Barb.*, 633), and that the third paragraph was a mere repetition of the second. (14 *How. Pr.*, 46.)

*F. Tillou*, opposed.

Bosworth, Ch. J.—The third defence is, in substance, that the affidavits on which the plaintiff was arrested state truly the representations which the plaintiff made, and that the representations were false, and that such facts constituted probable cause.

The defence contains no new matter. If it states accurately the whole contents of the affidavits on which plaintiff was arrested, and if the defendants' opinion that they constitute probable cause is correct, then it attempts to demonstrate that there was probable cause for making the complaint on which the plaintiff was arrested.

The second paragraph of the answer denies every allegation of the complaint not admitted by the first.

It therefore denies that the plaintiff's arrest was wilful or malicious, or without any probable cause.

The third defence does no more than attempt to detail the actual facts, and insist they constitute probable cause. I think all of these alleged facts are but matters of evidence upon the issues raised by the second paragraph of the answer, and that the third defence should be stricken out, as not containing any

new matter, nor denying any allegation of the complaint not previously controverted, and as being entirely redundant matter. (3 *Duer*, 684.)

I do not see that the plaintiff would be embarrassed by the matter remaining on the record. Seven dollars costs of the motion will be directed, to abide the event.