JOHN SPARLING, Appellant, v. THOMAS J. CONWAY, Respondent.

**December 3, 1878.**

1. Where it is manifest that the bill of exceptions does not contain all the evidence, an appellate court will not notice an objection that there is no evidence to support the verdict.

2. In an action for malicious prosecution, the evidential facts that defendant stated all the facts and circumstances to competent counsel and acted upon the advice received, should not be specially pleaded, but evidence thereof is properly introduced under a general denial.

3. The mere belief of defendant that plaintiff was guilty is immaterial; but where there is evidence tending to prove facts constituting reasonable grounds for the belief, it then becomes a pertinent subject of inquiry.

APPEAL from St. Louis Circuit Court.
*Affirmed.*
MARSHALL & BARCLAY, for appellant.
SENECA N. TAYLOR, for respondent.

HAYDEN, J., delivered the opinion of the court.

This is an action for malicious prosecution. The respondent had the appellant arrested upon an information charging him with the larceny of certain paints. Being acquitted upon the trial, the appellant brought this suit; and in the court below, it appeared that the appellant had made a contract with the respondent by which the latter was to do painting upon the house of one Harney; that the respondent, being ill, was unable to do it; that Harney, being unwilling to wait, insisted that the appellant should allow one Clawson to do the work; that the appellant told Clawson that the respondent's paints were at the house, and directed Clawson to see the respondent's wife, and buy and use the paints; that Clawson saw the respondent's wife, and obtained her consent to use the paints, agreeing to pay her money if the respondent died, or to replace the paints if the respondent lived. The respondent introduced evidence tending to show

that he nad not consented to the use of the paints by the appellant or by Clawson ; that in causing the arrest he had acted under the advice of a lawyer before whom he had laid all the facts of the case ; that the lawyer told him that it was a plain case of stealing, or grand larceny, and that the best course was to have the appellant arrested. The jury found for the respondent.

It is objected that there is no evidence to support the verdict ; that it does not appear even that the appellant ever took or used the paints. But we cannot consider this objection. The present bill of exceptions gives merely " evidence tending to prove " particular matters. It is well adapted to raise special questions as to the admission of evidence and as to the giving of instructions, but not to raise the question whether there was any evidence to support the respondent's case. We cannot try here a case which was never before the court below. The evidence that was before the court should have been presented by the appellant, if he wished to raise the point now made. The form of this bill shows that it does not contain all the evidence ; and moreover it does not appear that upon the trial the point was made that there was no evidence on which the defendant was entitled to go to the jury. Should we now proceed to consider whether there is any evidence to support the verdict, we should pass upon a case which was never before the court below, as the court below had other evidence than the appellant has brought up here.

The appellant objected to all the evidence relating to advice of counsel, on the ground that the answer was a mere denial and pleaded no new matter. The statute, by implication, forbids the pleading of facts which are merely evidential. No party need disclose the means by which he intends to prove his case. The issue was as to motive, and want of probable cause. If the facts relating to advice of counsel were evidence tending to prove probable cause or the absence of malice, if this was merely one means or method to that

end, then the respondent could not, without being guilty of the fault of pleading in the form of evidence what he had already properly pleaded, have alleged in his answer the matter in regard to advice of counsel. But that the facts that the respondent in good faith consulted competent counsel, disclosed all the circumstances, received the advice and acted upon it believing it sound, were facts *tending* to show both want of malice and the existence of probable cause, is apparent. The point of the appellant's objection seems to be that in spite of these facts there may be no probable cause. Let this be admitted. The counsel who gives the advice may be mistaken, and the facts, as such, may not warrant prosecution. It by no means follows that the matter in regard to the advice of counsel does not tend to prove probable cause, — still less, that it does not tend to prove want of malice. As to the latter, the case is clear. In *Snow* v. *Allen*, 1 Stark. 502, the advice was not correct. Lord Ellenborough said : " How can it be contended here that the defendant acted maliciously? He acted ignorantly. * * * He was acting under what he thought good advice ; it was unfortunate that the attorney was misled by Higgins's case, but unless you show that the defendant was actuated by some purposed malice, the plaintiff cannot recover." Thus such evidence tends to disprove malice. But if malice may be inferred, as it may as matter of fact, from the same facts that go to establish want of probable cause, then such evidence in rebutting malice tends so far to rebut want of probable cause. But again, one element of probable cause is the suspicion or belief of the defendant. The question is not as to the guilt of the accused, but as to the facts as affecting the mind of a reasonable man. Now the evidence in regard to the advice of counsel may directly bear upon the question as to the grounds for suspicion or belief, and it cannot, therefore, be said that such evidence has no tendency to prove probable cause. That such evidence may in itself be insufficient to prove it, is as irrelevant to

the present question as it is to urge that it may go beyond, and prove something else besides probable cause. It was not essential, therefore, that the respondent should have pleaded this evidence. *Levy* v. *Brannan*, 39 Cal. 485; *Simpson* v. *McArthur*, 16 Abb. Pr. 302; *Trogden* v. *Deckard*, 45 Ind. 572; Pom. on Rem., sect. 680. See *Radde* v. *Ruckgaber*, 3 Duer, 684.

The question was asked of the defendant, by his counsel, "From what you knew of the case, and upon the advice of your counsel, did you really believe that Sparling was guilty of grand larceny?" It is contended that this question called for immaterial evidence. It is true that, so far as probable cause is concerned, it is the existence of probable cause, and not merely the defendant's belief in it, that is material. There may be genuine belief produced by want of investigation, and due to the defendant's negligence. It is not competent to substitute the mere issue of belief of probable cause for the prosecution (*Hickman* v. *Griffin*, 6 Mo. 37); nor would it be legitimate to infer probable cause merely from the defendant's belief in it. But if there was evidence tending to prove facts constituting reasonable grounds, as in favor of the verdict rendered we must presume there was, the belief then became a pertinent subject of inquiry. *Sharp* v. *Johnston*, 4 Mo. App. 575.

The answer of the defendant that he did not consult his counsel for the purpose of finding out whether the plaintiff had been guilty of any criminal offence, was for the jury. We cannot isolate the expression from the other evidence, or now say what was its meaning. The substance of the appellant's second instruction is contained in the fifth instruction given for the respondent. The objection that there is no evidence to support this last instruction is not well taken.

No error is shown, and the judgment of the court below will be affirmed. All the judges concur.