[No. 2042.  Decided February 20, 1896.]

FREDERICK TAYLOR, *Appellant,* v. LESLIE W. GALE, *Administratrix, Respondent.*

$\frac{14}{24}$ $\frac{57}{338}$

### NEGOTIABLE INSTRUMENTS — EVIDENCE.

In an action upon promissory notes executed in the years 1884, 1887 and 1889, evidence that the alleged maker thereof inherited a large sum of money in the year 1881 or 1882, is inadmissible for the purpose of establishing that he did not execute the notes.

Appeal from Superior Court, King County.— Hon. T. J. HUMES, Judge.  Reversed.

*Stratton, Lewis & Gilman,* and *Arthur E. Griffin,* for appellant.

*Battle & Shipley,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—With the view we take of the errors of the court in the admission of testimony, it is unnecessary to discuss the error alleged by the appellant of the refusal of the court to grant a new trial on the ground of newly discovered testimony.

A good deal of the testimony introduced by the respondent comes very close to the line of inadmissibility, but the testimony of Mrs. Tebbetts, to the effect that Mr. Gale inherited a large sum of money between 1881 and 1882, was so plainly incompetent, irrelevant and immaterial that we think its admission over the objection of the appellant was undoubted error.  The notes in question were executed by Gale in the years 1884, 1887 and 1889, respectively, and how the establishment of the fact that he had received a legacy of $15,000 in 1881 could tend to establish the fact that he did not execute these notes from four to eight years

afterwards we are unable to comprehend. As a rule the financial circumstances of a person have very little to do with his borrowing money. People borrow money in all circumstances of life. They borrow sometimes for particular purposes; sometimes borrow at one rate of interest and loan at a greater rate for the purpose of speculation. Admitting all that is claimed by the respondent, viz., that the testimony must not be narrowed down to that character which absolutely proves the issue, and that anything which tends to establish the truth or falsity of the proposition in issue should be admitted, yet we think this testimony was plainly outside of any such rule. Under its admission by order of the court, the jury might very well have concluded that it was a portentous circumstance and showed the improbability of the execution of these notes by Gale, and it might have had great weight in determining their verdict, and for that reason we are unable to say that the error was without prejudice.

The judgment will be reversed and the cause remanded with instructions to grant a new trial.

Hoyt, C. J., and Scott, J., concur.

Gordon and Anders, JJ., concur in the result.