[No. 2731.  Decided December 13, 1897.]

John D. Kellogg, *Respondent*, v. Christian Scheuerman *et ux.*, *Appellants*.

MALICIOUS   PROSECUTION — EVIDENCE — STENOGRAPHER'S   NOTES   OF
TESTIMONY AT CRIMINAL TRIAL — PROBABLE CAUSE — PLEADING.

The admission in evidence, in an action for malicious prosecution, of the complaint and warrant upon which plaintiff had been arrested, is harmless error, where the defendants admit the proceedings before the magistrate.

The testimony of a third person as to what a party to the action testified to in another proceeding is admissible, even if the party himself is within the jurisdiction of the court and capable of testifying to what he swore to on the former trial.

While a stenographer who took notes of evidence in a former trial may testify in another action concerning the testimony of a witness or party in such former trial, and may refresh his memory by reference to his shorthand notes, it is not admissible for him to read directly frcm his notes to the court or jury.

In an action to recover damages for malicious prosecution the plaintiff is not entitled to put in evidence those portions of the

testimony taken in the criminal proceeding which were improper and irrelevant, such, for instance, as the ill-will of the prosecuting witness toward third persons.

In an action for malicious prosecution evidence tending to show probable cause is admissible under the general denial, without being specially pleaded as a defense.

Appeal from Superior Court, King County.—Hon. E. D. BENSON, Judge. Reversed.

*Blaine & DeVries*, for appellants.

*Lindsay, King & Turner*, for respondent.

The opinion of the court was delivered by

SCOTT, C. J.—This action was brought to recover damages for malicious prosecution. The appellant Christian Scheuerman made complaint before a justice of the peace charging the respondent and one Pratley with burglary in entering appellants' dwelling house. A warrant was issued and the respondent and Pratley were arrested. Pratley was discharged upon a motion of the prosecuting attorney and the justice of the peace discharged respondent, who thereafter brought this action and recovered damages in the sum of $1,500; whereupon this appeal was taken.

It is first claimed that the court erred in admitting in evidence the complaint and warrant upon which the respondent was arrested, but there is no merit in this contention, for the defendants admitted the proceedings before the magistrate.

It is next contended that the court erred in allowing proof by one Bolster, a stenographer who took the testimony given before the justice of the peace, of what Scheuerman and his wife there testified to. The first ground of objection is that Scheuerman and his wife were still within the jurisdiction of the court, and that they should have been called to prove what their testimony was, and

the second is that the evidence given was not the best evidence. There is no foundation for the first objection. The witness was just as competent as a matter of law to testify to what they swore to as were the Scheuermans. The other ground of the objection should have been sustained. It is contended by the respondent that the witness only used his notes of the testimony to refresh his recollection, but this is not borne out by the record, for he was directed by plaintiff's attorney to read the testimony given by the Scheuermans, which he did, in its entirety.

In *State v. Freidrich*, 4 Wash. 204 (29 Pac. 1055), this court held that a stenographer who took down testimony could be asked as to what the testimony was, and could be permitted to refer to his notes to refresh his recollection, but that the notes were not competent evidence. However, it might be that the action of the court in the matter could be held harmless, considered with reference to the objection raised that it was not the best evidence, for we fail to find any contradiction in their testimony here in any important particular of the fact that they testified before the justice of the peace as shown by the stenographer's report. In some instances they claimed that they were mistaken in giving such testimony, but admitted that they had so testified as to certain parts which were called to their attention.

But it is further contended by appellants that much of the testimony given before the justice of the peace, and especially on the cross-examination of Mrs. Scheuerman, was inadmissible on this trial, and tended to prejudice the defendants. The respondent objects to the consideration of this for the reason that appellants' brief does not indicate the part of the record where such testimony and the objection thereto can be found. It is true it is not stated under the third point, where the matter is argued, but in

making their statement of the case in the fore part of their brief, the appellants have specifically called attention to the particular pages of the record where the objectionable matter may be found. One of the grounds of the objection was that it was improper, also that the plaintiff was not entitled to show ill will on the part of the defendants against any third person. But the testimony was allowed to go in. Upon such cross-examination a number of questions were asked Mrs. Scheuerman with reference to her ill will against Scheuerman's half-breed children. The plaintiff was not one of Scheuerman's children, but was a child of his first wife and her former husband. She was also asked to state if she had not told a certain party that she was bound to rid herself of these Siwash children, and if she did not state that if she thought old Scheuerman would live five years she would leave him at once. It is unnecessary to set forth all of these matters in detail, and although the witness in some instances denied having made the statements, the very fact that she was asked many questions of that character may have tended to prejudice the defendants upon this trial, and some of the questions were answered substantially in the affirmative. It is contended by the respondent that he was entitled to have all of the testimony of the Scheuermans given before the justice of the peace go in evidence upon this trial, but this can not be sustained, for the fact that immaterial and irrelevant testimony was admitted before the justice of the peace would be no ground for its admission in this case.

Another point made, which it might be well to notice, is the alleged error of the court in not allowing the appellants to prove what was said by certain detectives to the prosecuting attorney in their presence upon their statement of what they claimed to be the facts relating to the burglary, it being argued that this proof was admissible for the pur-

pose of showing probable cause. The respondent contends that it was not admissible for the reason that defendants had not alleged probable cause for instituting the prosecution in their answer. But under the weight of authority we are of the opinion that they were entitled to show this under a general denial. *Trogden v. Deckard*, 45 Ind. 572; *Rost v. Harris*, 12 Abb. Pr. 446; *Bruley v. Rose*, 57 Iowa, 651 (11 N. W. 629); *Folger v. Washburn*, 137 Mass. 60.

It is also contended by the respondent that the ruling was harmless because the jury in certain special findings found that the Scheuermans acted maliciously, that no burglary had been committed or attempted, and that such remarks were based upon their intentional false statements. Of course, what may have been said by the officers upon their fabricated statement could have been no justification for the prosecution. Nor was the question of probable cause involved at all if the Scheuermans, knowing no crime had been attempted by the plaintiff, had conspired to get him convicted upon a false charge. But we are not prepared to say that all the statements of the officers sought to be proved were based upon what Scheuerman and his wife related as the facts. They at all times maintained the charge to be true, and whatever facts existed independently of their statements would have a legitimate bearing to support such contention.

Reversed and remanded for a new trial.

ANDERS, GORDON and REAVIS, JJ., concur.

## ON PETITION FOR RE-HEARING.

PER CURIAM.—Respondent has filed a petition for a rehearing in this cause, his counsel claiming that the reading of the long hand notes in evidence by the stenographer was with the consent of the defendants' attorney. The record is not clear as to this. There is an expression or two

which might justify respondent's contention, but it appears that the appellants' attorney made several objections to the evidence and the reading of it. It appears that he did not understand that he had consented that the long hand notes might be read. If the ordinary rules relating to the admission of testimony are to be varied by consent of parties the record should show the consent clearly. But conceding that the respondent is right in this contention it could not affect the result, because some of the evidence was objectionable in any form, and the questions were duly saved, consequently it would make no difference with the disposition of the appeal.

Rehearing denied.