[No. 3697. Decided March 28, 1901.]

FREDERICK TAYLOR, *Appellant,* v. LESLIE W. GALE, *as Administratrix, Respondent.*

RES JUDICITA — LAW OF CASE — QUESTIONS RAISED ON APPEAL.

In an action to establish a claim which had been rejected by an administratrix, where, upon an appeal by plaintiff, the defendant had made the point, and fully argued it, that a grant of a new trial would be a useless thing for the reason that the claim had not been fully verified, it will be presumed on a second trial, from the fact that the supreme court granted a new trial, that the supreme court had under consideration the question of verification, although not passing directly thereon, and that the sufficiency of the verification was established as the law of the case.

Appeal from Superior Court, King County.—Hon. ORANGE JACOBS, Judge. Reversed.

*Arthur E. Griffin* and *Stratton & Powell,* for appellant:

This court would certainly not order a new trial, unless it found there was something to try. But there was not

and could not be anything to try, if the claim which is the foundation of this suit had not been properly verified and presented. *Edmonston v. McLoud,* 16 N. Y. 543; *Bernhard v. Reeves,* 6 Wash. 424.

It is a familiar rule that a former decision in the same cause is final, not only as to all points raised, but as to all which might have been raised. *Wilkes v. Davies,* 8 Wash. 112 (23 L. R. A. 103); *Stallcup v. Tacoma,* 13 Wash. 146 (52 Am. St. Rep. 25); *State ex rel. Holgate v. Superior Court,* 19 Wash. 116; *Traders' National Bank v. Schorr,* 20 Wash. 1 (72 Am. St. Rep. 17). This doctrine has been recognized and applied by the court in a great variety of other cases. *State ex rel. Abernethy v. Moss,* 13 Wash. 44; *Dennis v. Kass,* 13 Wash. 137 (48 Am. St. Rep. 880); *Furth v. Snell,* 13 Wash. 664; *Smith v. Seattle,* 20 Wash. 614; *O. R. &N. Co. v. Dacres,* 1 Wash. 199; *Taake v. Seattle,* 18 Wash. 178.

It is claimed by defendant that, as she was respondent on the former appeal, she could not raise any question not raised by appellant. In answer, we say she can present any question of fact or of law disclosed by the record to show that the judgment is correct and ought not to be disturbed. *First National Bank v. Wright,* 50 N. W. 23; *Randle v. Pacific Railroad,* 65 Mo. 325; *Witt v. Trustees,* 13 N. W. 261; *Reed v. McConnell,* 133 N. Y. 425 (31 N. E. 22).

*Ballinger, Ronald & Battle,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—This is a suit to establish a claim presented by the appellant to the respondent, as the administratrix of the estate of John P. Gale, and by her rejected. The court decided that the claim presented to the administratrix was not properly verified to entitle it to allow-

ance, and judgment was entered against the plaintiff on
this theory, and the decision of the court in this respect
is the error assigned by the appellant here. It was claimed
here, that the question of the sufficiency of these verifica-
tions was decided by this court in *Taylor v. Gale,* 14 Wash.
57 (44 Pac. 110), and the doctrine of *res adjudicata* is
invoked; and the brief of the respondent in said case was
offered in evidence by the appellant in the case at bar in
support of his contention that the question had been for-
merly adjudicated. We have examined the case in 14th
Washington and the briefs upon which that decision was
rendered; and while it does not appear in the opinion that
the question of the sufficiency of the verification to the
claim was passed upon, and while, of course, the court has
no recollection of what the view of the court in that re-
spect was at that time, the brief of the respondent in that
case shows plainly that the court must have considered that
proposition, and passed upon it in favor of the appellant's
contention. It is true, this question was not raised by
the appellant in his brief; but there was no occasion for
him to raise it, as the trial court at the former trial had
passed upon that question in his favor, and had admitted
the claims in evidence. It was, however, raised by the
respondent, and argued as a material question in the case;
the insistence being that, no matter what the views of the
court might be on the errors alleged, a new trial would
not be granted, for the reason that the lower court had
erred in its admission of the claims, and that plaintiff's
case would fail in any event, for that reason. Subdivision
4 on page 35 of the respondent's brief on the former
appeal, commences with this language: "If in no event
the appealing party is entitled to recover, a new trial will
not be granted, even though reversible error should have
occurred during the trial." The remainder of the brief

is devoted to an argument against the legality of the claim, by reason of the insufficiency of the verification. This proposition was then answered by an argument in the reply brief of the appellant. The argument of the respondent on this proposition was somewhat exhaustive, and many authorities were cited to sustain the contention. From this it is evident that the court must have concluded (although for some reason no expression was made in the opinion to that effect) that no error had been committed by the lower court in admitting the claim; for it would be not only a foolish but harmful practice to reverse a case and order a new trial, and put the appellant to the delay and expense of a new trial, when it would necessarily follow that the trial could not result in a judgment in his favor. That is exactly what was said by the respondent in his brief on the former appeal when he used the language quoted above. This is so plain a proposition, and has been so often enunciated by this court, that it will not be presumed that an order for a new trial was made on the presumption that the appealing party was not entitled to recover in any event. It is said by the respondent in his brief in this case that "numerous opinions have been rendered by this court wherein it is expressly stated that the court expressly refuses to pass upon questions raised for the reason that the same may not again arise upon a retrial of the case." That is true, but the admission of these claims is a pivotal question in this case, and one that must necessarily arise in the proper defense of the action, and does not fall within the class of incidental errors in the admission of testimony, or rejection of jurors, or questions of that kind, which the court was discussing in the cases referred to by counsel's brief.

The judgment will be reversed and the cause remanded, with instructions to overrule defendant's objections to the

admission of the claim in evidence on all the grounds urged.

REAVIS, C. J., and FULLERTON, ANDERS and WHITE, JJ., concur.