[No. 13201. Department Two. May 9, 1916.]

D. A. DUFFY, *Respondent*, v. J. FRED BLAKE, *Appellant*.[1]

EVIDENCE—FORMER TRIAL—IDENTITY OF PARTIES AND ISSUES—STATUTES. Evidence given at a former trial in an action upon a note by a holder in due course is not admissible in a subsequent action by the maker against the payee for fraud in its procurement, under Rem. & Bal. Code, § 1247, authorizing the use of a certified copy of the testimony of an absent witness given at a former trial of the same cause, in any civil action between the same parties relating to the same matter.

SAME — FORMER TRIAL — PARTIES — PRIVITY. The fact that two parties in two different suits were interested in proving or disproving the same facts creates no privity between them; as the ground of privity is property and not personal relation.

SAME—FORMER TRIAL—IDENTITY OF ISSUES. There is no identity of issues in two actions, so as to make testimony at the former trial admissible in the other, where in the first action, upon a promissory note, the only issue was whether plaintiff was a holder in due course, making the question of fraud in its procurement immaterial, and the second action was by defendant in the former, for damages for the fraud of the payee.

SAME—FORMER TRIAL—NOTES OF TESTIMONY. The stenographer's evidence as to the testimony of an absent witness, given at a former trial, is inadmissible where the witness did not refresh her memory

[1]Reported in 157 Pac. 480.

from her shorthand notes, but read directly from a transcript of the notes made by herself or dictated to a phonograph.

APPEAL—REVIEW—ERROR ASSIGNED BY RESPONDENT. Error cannot be urged by respondent, in the absence of any cross-appeal.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered June 8, 1915, upon the verdict of a jury rendered in favor of the plaintiff, in an action for damages for fraud. Reversed.

*Eugene A. Childe* and *Kerr & McCord*, for appellant.

*Carkeek & McDonald* and *Geo. Coryell*, for respondent.

MORRIS, C. J.—Action to recover damages on account of false representations inducing the purchase by respondent of 498 shares of the capital stock of the Valdez Furniture Company. The case is here for the second time. The first trial resulted in a nonsuit, which on appeal was reversed. *Duffy v. Blake*, 80 Wash. 643, 141 Pac. 1149. The second trial resulted in judgment against appellant, from which this appeal is taken.

Nothing need be added to the statement of facts that appears in the first opinion, since the only question involved in this appeal is one of law. At the trial, respondent, after introducing testimony to the effect that one Carlin, after diligent search, could not be found, called a Miss Campbell, who testified she was the stenographic reporter who took the testimony in the case of *Wells v. Duffy;* that her original notes of such testimony were lost, but that she had either transcribed the testimony herself or dictated it into a phonograph, and that the transcript she then produced was a correct transcript of her original notes. She was then asked if the transcript contained the testimony given by Carlin, which question being answered in the affirmative, she was then asked to read such testimony from the transcript. Appellant objected to this procedure, which objection was overruled. This is now assigned as error.

· Previous to the trial, respondent, seeking to avail himself of this testimony, served notice of his intention so to do, seeking to adopt the provisions of Rem. & Bal. Code, § 1247 (P. C. 81 § 1127), which are as follows:

"The testimony of any witness, deceased, or out of the state, or for any other sufficient cause unable to appear and testify, given in a former action or proceeding, or in a former trial of the same cause or proceeding when reported by a stenographer, or reduced to writing, and certified by the trial judge, upon three days' notice to the opposite party or parties, together with service of a copy of the testimony proposed to be used may be given in evidence in the trial of any civil action or proceeding, where it is between the same parties and relates to the same matter."

Under this statute the testimony to be available must be given in a former trial of the same cause. This testimony was not so given. The case of *Wells v. Duffy* was not a former trial of this same case. Neither was it between the same parties, nor upon the same subject-matter. Statutory rights of this character cannot be extended beyond the language of the privilege, and if the statute is relied upon it must be plain that it covers the offer. We are, therefore, of the opinion that the testimony was not admissible under the statute.

Respondent argues that if it should be so held, then the testimony was admissible under the common law rule stated in 16 Cyc. 1088, as follows:

"Facts may be established by evidence thereof given on a former trial, provided the court is satisfied, (1) that the party against whom the evidence is offered, or his privy, was a party on the former trial; (2) that the issue is substantially the same in the two cases; (3) that the witness who proposes to testify to the former evidence is able to state it with satisfactory correctness; and (4) that a sufficient reason is shown why the original witness is not produced."

This contention necessitates some reference to the case of *Wells v. Duffy*, 69 Wash. 310, 124 Pac. 907, to determine

the parties and issues there involved. As part payment of
the purchase of the stock herein referred to, Duffy gave
Blake a note for $2,000. This note was sold by Blake to
the American Mortgage & Guaranty Company, and subse-
quently passed to Wells by indorsement. Both of these in-
dorsements were before maturity and without notice of any
defect in the note. Subsequently Wells sued Duffy upon the
note, Duffy defending upon the plea of fraudulent represen-
tations made by Blake, setting up the same fraudulent repre-
sentations relied upon in this action. The lower court made
no finding upon the issue of fraud, but held that Wells was
a holder in due course and entitled to recover. This finding
was sustained on appeal to this court. In so holding, we
said:

"Assuming however, without deciding the question, that
the note was obtained by means of fraudulent representations
made by the payee, the respondent is entitled to recover on
either of two grounds, (1) he purchased from a holder in
due course, and (2) he is a holder in due course."

The question now raised is, Is there privity between Wells
in that action and Blake in this action? "Privity" is va-
riously defined. In general, it denotes a mutual or successive
relationship to the same right of property or subject-matter,
or partakes in an interest in any action or thing. *Douthitt
v. MacCulsky*, 11 Wash. 601, 40 Pac. 186. Where, as here,
it is sought to establish the relation because of what has
transpired in a former action, it is essential that there be
an identity of issue. The two actions must concern the same
subject-matter, and the proof must be directed to a fact
material in both cases. 2 Chamberlyne, Modern Law of Evi-
dence, § 1664. The above general rule is to be read with
this distinction: that the ground of privity is property, not
personal relation; and where, as here, the relation is sought
to be predicated upon what has transpired in a former action,
it is essential that there be an absolute identity of interest.
Based upon this essential, the rule has become established

that the fact that two parties litigant in two different suits happened to be interested in proving or disproving the same facts creates no privity between them. *Logan v. Atlantic & C. Air Line R. Co.*, 82 S. C. 518, 64 S. E. 515; *Burlen v. Shannon*, 3 Gray 387; *Sturbridge v. Franklin*, 160 Mass. 149, 35 N. E. 669; *Tourtelotte v. Brown*, 4 Colo. App. 377, 36 Pac. 73; *Spencer v. Williams*, 2 Probate & Divorce (Eng.), 230.

Respondent cites *Lyon v. Rhode Island Co.* (R. I.), 94 Atl. 893, L. R. A. 1916 A. 983, as supporting the admission of this testimony. It was there held that the testimony of a motorman, in an action by a father as next of kin for a minor child to recover for injuries caused by a collision with a street car, was admissible in a subsequent action by the father to recover for injuries to himself growing out of the same accident. The same counsel represented the father in both actions, with full opportunity for cross-examination. This case, and others cited in the annotations, based the admissibility of the testimony upon the rule that the law does not look to an exact and technical identity of parties and causes of action, but rather to the identity of the question under investigation and to the opportunity of the party against whom it was offered to cross-examine. Whether or not this is the true rule, it is not necessary for us now to determine, since the case to be decided does not present the facts upon which such rule is based. In the *Wells* case, the issue was whether or not the party was a holder in due course of the note upon which the action was brought. Being such a holder, it was immaterial whether or not the note was obtained by fraud, so that while the fraud of Blake in obtaining the note was urged as a defense, Wells was only interested in proving he was a holder in due course, and was not interested in disproving the fraud of Blake. In the present case, the only question to be determined is the fraud as between Duffy and Blake. There is no identity between these two issues. The most that can be said is that Duffy in this

suit is interested in proving one of the issues he sought to establish in the former suit, which was there material only upon the showing that Wells took the note with knowledge of its fraudulent character, and which became immaterial upon his failure to show that Wells was not a holder in due course.. It must also be apparent that the judgment in the *Wells* suit determined there was no privity between Wells and Blake, since if there had been, and Blake had been guilty of fraud in obtaining the note, Wells could not have recovered. Not being in privity with Blake then, it cannot be said that Wells is in privity with Blake now.

There is another vice in the admission of this testimony. The witness did not refresh her memory from her shorthand notes, but read directly to the jury from a transcript of those notes made either by herself or dictated to a phonograph. This was improper. *Kellogg v. Scheuerman*, 18 Wash. 293, 51 Pac. 344, 52 Pac. 237.

Respondent urges that the admissibility of this evidence was determined by this court in his favor when the case was here before. That was an appeal by Duffy from a nonsuit. Blake, in seeking to sustain the ruling, contended against the admission of this same testimony, but inasmuch as he had taken no cross-appeal, we disregarded his claim of error in this respect.

The judgment is reversed, and the cause remanded for a new trial.

Bausman, Main, Parker, and Holcomb, JJ., concur.