[No. 13201. *En Banc.* January 20, 1917.]

# D. A. DUFFY, *Respondent*, v. J. FRED BLAKE, *Appellant.*[1]

APPEAL—DECISION—LAW OF CASE—POINTS NECESSARILY DECIDED.
Where, on appeal from a judgment of nonsuit, the case was reversed
and remanded for a new trial without expressly referring to re-
spondent's claim that a certain part of the testimony was inadmis-
sible, the effect of the decision was to hold that the testimony was
admissible, as otherwise the error would have been pointed out to
guide the second trial, and hence becomes the law of the case and
conclusive upon a retrial and a second appeal.

Appeal from a judgment of the superior court for King
county, Gilliam, J., entered June 8, 1915, upon the verdict
of a jury rendered in favor of the plaintiff, in an action for
damages for fraud. Affirmed.

*Kerr & McCord* and *Eugene A. Childe,* for appellant.

*Carkeek & McDonald* and *Geo. Coryell* (*E. C. Hughes,* of
counsel), for respondent.

## ON REHEARING.

MAIN, J.—The purpose of this action was to recover dam-
ages on account of false representations. Two trials have
been had in the superior court, and this is the second appeal
to this court. The opinion upon the first appeal is reported
in 80 Wash. 643, 141 Pac. 1149, where the facts are fully
stated, and need not here be repeated. The plaintiff, upon
the first trial in the superior court, was nonsuited, and a
judgment of dismissal entered. Upon that trial, the testi-
mony of one A. A. Carlin was admitted as a part of plain-
tiff's case. Upon the appeal, respondent opened his brief
with the contention that the testimony of Carlin was inad-
missible, and, after arguing the question, asked the court to
disregard it in determining whether the nonsuit had been
properly granted. The decision of the court upon that ap-
peal was that there was sufficient evidence to carry the ques-

[1]Reported in 162 Pac. 521.

tion of fraud to the jury, and that the trial court was in error in granting the nonsuit. The testimony of Carlin is ,not expressly referred to in the opinion, but the court concludes with the statement that, upon the testimony of the plaintiff and "his witnesses, we are satisfied that it was the duty of the court to submit the case to the jury." Upon the second trial in the superior court, the testimony of Carlin was again admitted in evidence over defendant's objection. In that trial, the plaintiff prevailed, and from the judgment entered upon the verdict, the defendant appeals.

The department of the court to which this appeal was first here presented was of the opinion that the testimony of Carlin was not properly admitted. *Duffy v. Blake*, 91 Wash. 140, 157 Pac. 480. After the opinion of the department had been filed, a petition for rehearing was presented and granted. Upon the rehearing, the pivotal question was whether the right to introduce Carlin's testimony was determined upon the first appeal and, therefore, became what is known as the law of the case. In reviewing the judgment of nonsuit upon the first appeal, the court necessarily considered all the evidence. The respondent, in his brief, had challenged certain of this evidence as incompetent. Had the court then been of the opinion that the evidence of Carlin had been improperly admitted, it would undoubtedly so have pointed out in the opinion, in order that the trial court, upon the second trial, might be advised of the views of this court, and, in accordance therewith, could rule upon the testimony when it was offered. The admission of the testimony of this witness, if error, was not one which was incidental to the particular trial and not likely to occur upon a retrial of the case, but the question was one that would necessarily arise upon a second trial, and was vital.

In *Taylor v. Gale*, 24 Wash. 336, 64 Pac. 533, the plaintiff had brought an action to establish a claim which had been presented to an administratrix and rejected. In that case there were two appeals. The first appeal was prosecuted

by the plaintiff. The defendant in that case, who was the respondent upon the first appeal presented the question of the insufficiency of the claim on account of defective verification. The opinion of the court upon the first appeal made no reference to the verification of the claim. Upon the second trial in the superior court, the claim was again offered and rejected. The judgment was against the plaintiff, and he again appealed. Upon the second appeal, it was held that, upon the first appeal, it must necessarily have been the view of the court that the claim should not be rejected on account of defective verification, even though no mention of that fact was made in the opinion. The cause was again reversed, and remanded for a new trial, the court, upon the second appeal, not passing upon the admissibility of the claim, because the holding of the court upon the former appeal had become the law of the case. After referring to the argument of the respondent upon the first appeal, the court used this language:

"From this it is evident that the court must have concluded (although for some reason no expression was made in the opinion to that effect) that no error had been committed by the lower court in admitting the claim; for it would be not only a foolish but harmful practice to reverse a case and order a new trial, and put the appellant to the delay and expense of a new trial, when it would necessarily follow that the trial could not result in a judgment in his favor."

There is no substantial difference between the situation presented in the present case and that which confronted the court in that case. In *Crooker v. Pacific Lounge & Mattress Co.*, 34 Wash. 191, 75 Pac. 632, there had been a previous appeal from a judgment of nonsuit, which judgment had been reversed and the cause remanded. Upon the first appeal, the defendant and respondent, in its brief, argued that the judgment of the trial court, among other reasons, should be sustained because the plaintiff was guilty of con-

tributory negligence. In deciding the case, this particular matter was not discussed. Upon the second trial, the same evidence appeared in the record, and the plaintiff having prevailed, the defendant appealed. The question was again presented, and the court used this language:

"The above matters were in the record before this court on the first appeal, and the question of contributory negligence was elaborately argued by the respective counsel, on both sides of the controversy, from the same standpoint as now presented here by appellant. It is true that in a former opinion the duty of the then respondent to have provided a guard or spreader for the saw, pursuant to the promise of its foreman, was the principal question discussed and considered by this court; still, evidence of the above character was properly in the record; and, as we reversed the decision of the trial court granting respondent's motion for a nonsuit, and remanded the case for a new trial, it seems to us that, under the well settled rule, this holding has become the law of the case, and we are bound by it on this appeal, even though it may not meet with our approval at this time." (Citing authorities.)

While it may be that, in the decisions of the courts of some other jurisdictions, a different rule has been announced, yet the two cases above cited are exponents of the general rule. In Hayne on New Trial and Appeal (Revised Edition), vol. 2, § 291, this language is used:

"Under the rule of *stare decisis*, as shown in the preceding section, if a decision be clearly erroneous and rights have not grown up under it to any great extent, it may be overruled. But this is not true of a subsequent appeal *in the same cause*. However erroneous a decision of the supreme court may be, it must be adhered to in all subsequent stages of the same case. It becomes the law of the case and cannot be disregarded either by the trial court or by the supreme court. This rule is firmly established."

The two cases above cited, and the other authorities upon the same question, were presented for the first time upon the rehearing. Under those cases, even though it was the opinion of the department to which the present appeal was first pre-

sented that the testimony of Carlin was not admissible, yet that question is not now open for determination, and is ruled by the opinion upon the first appeal. Upon the admissibility of the testimony, we here express no opinion.

So far as the opinion of the department may not be in harmony with the views here expressed, it will be considered modified.

The judgment will be affirmed.

ELLIS, C. J., MOUNT, HOLCOMB, PARKER, and CHADWICK, JJ., concur.